**Peoples v. Dayle**

*Stephen H. Cristal,* for plaintiff.
*William C. Reil,* for defendant.

TUCKER, *J.,* August 11, 2010—

## I. PROCEDURAL HISTORY

This matter was before this court by defendant's preliminary objections to plaintiff's third amended complaint on May 27, 2010. This court sustained the defendant's preliminary objections and dismissed the complaint. On June 28, 2010, John F. Peoples filed a notice of appeal to the Pennsylvania Superior Court. On June 29, 2010, this court ordered Peoples to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P 1925(b). As of the date of this opinion, Peoples has failed to file a 1925(b) statement. A discussion ensues.

## II. FACTS

Plaintiff Peoples alleges common-law theft, theft by deception and conversion, common-law fraud, Pennsylvania statutory consumer fraud, and intentional infliction of emotional distress against defendant, Ginger Dayle. Pl. third amend. compl. at 11. Peoples admits that Dayle got a hold of his credit card information by offering him sexual services. *Id.* at 15. Plaintiff alleges that Dayle took advantage of the fact that he is blind and on several occasions had him sign credit card receipts with the wrong amount on them exceeding $3,000 in fraudulent charges. *Id.* at 14, 16.

## III. LEGAL ANALYSIS

### a. *Since Peoples Has Failed To Timely File a 1925(b) Statement, His Claims Are Deemed Waived*

Pa.R.A.P. 1925(b) provides in pertinent part:

"[T]he judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('statement')." Pa.R.A.P. 1925(b).

Pa.R.A.P. 1925(b) states:

"The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the statement. . . .

"The judge's order . . . shall specify . . . the number of days after the date of entry of the judge's order within which the appellant must file and serve the statement." Pa.R.A.P. 1925(b)(2)-(3)(i).

Pa.R.A.P. 1925(b) further provides that an appellant's failure to raise any issues in accordance with its provisions will result in the waiver of those issues:

"Issues not included in the statement and/or not raised in accordance with the provisions of this paragraph (b) (4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

Here, on June 29, 2010, this court ordered Peoples to file a 1925(b) statement within 21 days. Thus, he had until July 20, 2010 to file his 1925(b) statement. As of August 11, 2010, this court has yet to receive Peoples' 1925(b) statement. Since Peoples has failed to file a 1925(b) statement within the 21 days period mandated by Pa.R.A.P. 1925(b), Peoples' claims are deemed waived. See *Commonwealth v. Castillo,* 585 Pa. 395,

403, 888 A.2d 775, 780 (2005); *Commonwealth v. Scho-field,* 585 Pa. 389, 393, 888 A.2d 771, 774 (2005).

### b. *Defendant's Preliminary Objections Were Properly Sustained Because this Court Cannot Enforce an Illegal Contract*

Even though plaintiff has failed to file a 1925(b), his challenge to this court's ruling would nonetheless be without merit because this court cannot enforce an illegal contract. This action springs from a series of transactions between Peoples and Dayle allegedly involving sex for money. Simply put, this court cannot aid in an action stemming from an illegal transaction or enforce an illegal contract. Under Pennsylvania law, patronizing a prostitute is illegal. 18 Pa.C.S. §5902(e).

A court's refusal to enforce an illegal contract is motivated by a desire to promote goals transcending the isolated litigation before the court:

"The principle of public policy is, that no court will lend its aid to a man who grounds his action upon an immoral or illegal act . . . [P]rinciples of public convenience demand that the justice of the case shall yield to higher considerations, the operation of the precedent on public morals and the public interest. It is for these reasons courts of justice will not assist an illegal transaction in any respect." *Fowler v. Scully,* 72 Pa. 456, 467 (1872) (quoting Yeates, J.).

A contract is illegal "if either its formation or its performance is criminal, tortious, or otherwise opposed to public policy." Restatement, Contracts §512 (1932). See *O'Brien v. O'Brien Steel Construction Company,* 440

Pa. 375, 379 (1970). The illegality must appear from the plaintiff's statement of his cause of action. *Holt v. Green,* 73 Pa. 198, 201 (1873).

In this case, the illegality clearly stems from the plaintiff's statement of his cause of action. Peoples alleges that he hired Dayle for sex and as a result she gained access to his credit card where she made unauthorized charges. Pl. third amed. compl. at 14-16. Therefore, the charges in dispute stemmed from alleged illegal prostitution services and consequently he cannot recover based on them.

## CONCLUSION

Peoples has failed to file a timely 1925(b) Statement as required by Pa.R.A.P. 1925(b) and thus his claims are waived. Furthermore, this court properly sustained defendant's preliminary objections because plaintiff cannot use the courts to recover damages stemming from an illegal contract. Therefore, his issues are waived and this court's ruling should be affirmed.