J-S56017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF VIRGINIA A. CHERRY LATE OF HENDERSON TOWNSHIP HUNTINGDON COUNTY COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: RONALD LOCKE | |
| | No. 633 MDA 2014 |

Appeal from the Order Entered on March 5, 2014
In the Court of Common Pleas of Huntingdon County
Orphans' Court at No.: 31-OC-242-2013

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:               **FILED NOVEMBER 24, 2014**

Ronald Locke, executor of the Estate of Virginia A. Cherry, appeals the orphans' court order entered on March 5, 2014.  After careful review, we conclude that Locke has waived all of his claims.  Locke failed to comply timely with the orphans' court order directing him to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).  Accordingly, we affirm.

Virginia A. Cherry died testate on October 9, 2013.  She was eighty-seven years old at the time of her death.  Cherry left a will, which she executed on May 24, 2011.  Therein, Cherry named Ronald Locke as the executor of her estate and made twenty-three specific cash bequests totaling $59,500.  Cherry made two of those specific bequests to the First

_____

[*]     Retired Senior Judge assigned to the Superior Court.

Baptist Church of Huntingdon, Pennsylvania ("the Church"), equaling $11,000. Cherry also bequeathed the residue of her estate to the Church.

Pursuant to the terms of Cherry's will, Locke was empowered to sell or otherwise convert any real or personal property. Orphans' Court Opinion ("O.C.O."), 5/20/2014, at 3. On October 23, 2013, the Huntingdon County Register of Wills admitted Cherry's will to probate and granted letters testamentary to Locke. On November 21, 2013, counsel for the Church sent a letter to Locke stating that, in light of the estate's likely insolvency, the Church was prepared to contribute funds to the estate in order to provide Locke with sufficient liquid assets to satisfy the specific bequests in Cherry's will, any inheritance taxes due, and the costs of administration. The Church anticipated that doing so would expedite the administration of the estate by allowing Locke to convey the residue to the Church in kind once all of the specific bequests had been paid.

On November 26, 2013, Locke mailed a letter to the Church rejecting its proposal. Locke reasoned that he did not have the authority to consent to the suggested arrangement because it was contrary to Cherry's intent, as evidenced by the May 24, 2011 will. On January 3, 2014, the Church filed a petition seeking to enjoin Locke permanently from selling all real and personal property owned by the estate.

After a hearing on February 25, 2014, the orphans' court entered an order denying the Church's petition for an injunction on March 5, 2014. That order provided as follows:

> AND NOW, this 5th day of March, 2014, the Petition of the [Church] for an injunction is denied. However, since the [Church] has offered to pay all of the cash requirements attendant to the settlement of this estate, this [c]ourt will not authorize the sale of the personal property or real estate of [Cherry,] and would, upon application, enjoin any proposed sale of these assets.

Orphans' Court Order, 3/5/2014, at 1.

On April 4, 2014, Locke filed a notice of appeal. On April 9, 2014, the orphans' court ordered Locke to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Although the proof of service attached to Locke's Rule 1925(b) statement is dated April 30, 2014, the record indicates that it was not filed and docketed with the clerk of the Huntingdon County orphans' court until May 20, 2014.[1] Also on May 20, 2014, the orphans' court filed its Pa.R.A.P. 1925(a) opinion, in which it recommended that we quash Locke's appeal as interlocutory.

Locke raises two issues challenging the orphans' court March 5, 2014 order. However, before addressing the merits of Locke's claims, we must evaluate whether he has preserved those issues for our review, as required by Pa.R.A.P. 1925(b). Rule 121 of the Pennsylvania Rules of Appellate

---

[1] On April 9, 2014, the orphans' court ordered Locke to file his concise statement of errors complained of on appeal within twenty-one days. Thus, the final day that Locke could have filed a timely Rule 1925(b) statement was April 30, 2014. *See* Pa.R.C.P. 106 ("When any period of time is referred to in any rule, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period.").

Procedure provides that a "filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a). Even assuming, *arguendo*, that Locke mailed a copy of his Rule 1925(b) statement to the orphans' court judge on April 30, 2014 (as his proof of service asserts), he still has failed to comply with the dictates of Rule 121.

We have held that, where "an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement." **In re L.M.**, 923 A.2d 505, 509 (Pa. Super. 2007) (citing **Commonwealth v. Schofield**, 888 A.2d 771, 773-74 (Pa. 2005)). Moreover, our Supreme Court repeatedly has emphasized that an appellant's "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised [on appeal]." **Schofield**, 888 A.2d at 774; **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005) (finding that appellant had waived all his claims on appeal for untimely filing his Rule 1925(b) statement); **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998) ("[F]rom this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Accordingly, we are constrained to find all of Locke's issues waived due to his failure to file a timely Rule 1925(b) statement. Because Locke has waived all of his issues on appeal, we affirm the orphans' court order dated March 5, 2014.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/24/2014