J-A25044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERON LEWIS, | |
| Appellant | No. 849 EDA 2013 |

Appeal from the Judgment of Sentence January 11, 2013
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0003255-2011

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                      **FILED DECEMBER 18, 2014**

Appellant, Teron Lewis, appeals from the judgment of sentence imposed following his jury conviction of criminal attempt to commit first-degree murder, aggravated assault, aggravated assault-causing bodily injury with a deadly weapon, criminal conspiracy to commit first-degree murder, and criminal conspiracy to commit aggravated assault.[1]  We affirm.

The background of this case is a protracted procedural quagmire.  We take the relevant facts and procedural history from the trial court's May 9, 2013 opinion and our independent review of the record.  On May 22, 2006, Appellant and co-conspirator Omega Peoples approached the victim, Odell

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 2702(a)(4), 903(c), and 903(c), respectively.

Cannon, from two different directions as Mr. Cannon exited a house in Coatesville, Pennsylvania. A gunfight ensued, during which Appellant shot Mr. Cannon six times. Mr. Cannon was wearing body armor and he carried a revolver. He fired six shots at Mr. Peoples and Appellant, striking Peoples three times. Appellant fled from the scene and was later arrested. Mr. Peoples was found within minutes of the shooting, hiding under a nearby minivan.

Appellant proceeded to a jury trial, and on October 19, 2012, the jury found him guilty of the above-stated offenses. The trial court ordered the preparation of a pre-sentence investigation (PSI) report, and on January 11, 2013, it sentenced Appellant to an aggregate term of not less than twenty-two and a half nor more than forty-five years' incarceration. Appellant filed timely post-sentence motions, which the court denied on February 25, 2013 following oral argument.

Appellant filed a timely notice of appeal.[2] On March 21, 2013, the trial court entered an order directing Appellant to file a Rule 1925(b) statement

---

[2] Appellant initially filed a *pro se* notice of appeal on March 14, 2013, purporting to appeal from the October 19, 2012 jury verdict. (*See* Notice of Appeal, 3/14/13, at 1). Appellant then evidently retained current counsel, who filed an amended notice of appeal on March 20, 2013, purporting to appeal from the court's order denying his post-sentence motions. (*See* Amended Notice of Appeal, 3/20/13, at 1). However, "a direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Preacher**, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003) (citation omitted). Therefore, this appeal properly lies from the judgment of sentence and not from the jury's verdict or the court's post-sentence order. **See id.**

within twenty-one days, by April 11, 2013. **See** Pa.R.A.P. 1925(b). The order advised, in bold type, that "**Any issue not properly included in the Statement shall be deemed waived**." (Concise Statement Order, 3/21/13, at 1) (emphasis in original). Appellant filed a Rule 1925(b) statement on April 17, 2013, six days late.[3] The trial court entered a Rule 1925(a) opinion on May 9, 2013. **See** Pa.R.A.P. 1925(a).

On November 15, 2013, Appellant filed an application for relief[4] with this Court (Application for Relief), requesting that we remand the case to the trial court to permit him to file a supplemental Rule 1925(b) statement. (**See** Application for Relief, 11/15/13, at 1-2). Appellant averred that a supplemental filing was necessary because he omitted "a major issue" from the original Rule 1925(b) statement. (**Id.** at 1). In the Application for Relief, Appellant did not acknowledge or explain the untimeliness of his original Rule 1925(b) statement, nor did he specify the important issue he omitted from the statement. (**See id.** at 1-2). On December 6, 2013, this Court entered a *per curiam* order directing Appellant to provide written notice of the issue omitted from the original Rule 1925(b) statement;

---

[3] On April 24, 2013, at the trial court's direction, Appellant filed an amended concise statement correcting a typographical error pertaining to Appellant's name contained in the original Rule 1925(b) statement. (**See** Trial Court Opinion, 5/09/13, at 3).

[4] **See** Pa.R.A.P. 123(a).

Appellant subsequently submitted notice of two issues. (**See** Order, 12/06/13, at 1; **see also** Notice, 12/17/13, at 1). On January 2, 2014, this Court filed a *per curiam* order granting the Application for Relief and remanding the case to the trial court. (**See** Order, 1/02/14, at 1). The order permitted Appellant to file a supplemental Rule 1925(b) statement within thirty days of the filing date of the order, by February 3, 2014.[5] (**See** Order, 1/02/14, at 1). It also directed the trial court to prepare a supplemental Rule 1925(a) opinion. (**See id.**).

On February 4, 2014, one day past the thirty-day deadline set by this Court, Appellant filed a supplemental Rule 1925(b) statement. In the supplemental statement, Appellant raised five issues, four of which he did not include in the original Rule 1925(b) statement. (**See** Supplemental Rule 1925(b) Statement, 2/04/14, at unnumbered pages 1-2; Rule 1925(b) Statement 4/17/13, at unnumbered pages 1-2). The trial court entered a supplemental Rule 1925(a) opinion on February 11, 2014.

Appellant raises the following issues for our review:

1. [Whether] the trial court erred by denying Appellant's motion *in limine* to exclude certain evidence that was more prejudicial than probative[?]

---

[5] The last day of the thirty-day period, February 1, 2014, fell on a Saturday. Therefore, Appellant had until that Monday to file the supplemental Rule 1925(b) statement. **See** 1 Pa.C.S.A. § 1908.

2. [Whether] Appellant is entitled to an arrest of judgment for his convictions in this case where the Commonwealth failed to prove each and every element of the following crimes charged (criminal attempt to commit first-degree murder, conspiracy to commit first-degree murder, conspiracy to commit aggravated assault, and aggravated assault) beyond a reasonable doubt thereby depriving the Appellant of his liberty without a fair trial and due process, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and corresponding laws of this Commonwealth[?]

3. [Whether] the trial court erred by allowing Rahlik Gore to testify about and define the term "young boys" to the jury as it was more prejudicial than probative[?]

(Appellant's Brief, at 4).

Before we may address the merits of Appellant's issues, we must determine whether he properly preserved them for our review. Rule 1925(b) provides, in relevant part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.— If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\* \* \*

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. . . . In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

4) *Requirements; waiver.*

\* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(2),(3),(4)(vii).

An *en banc* panel of this Court has held:

Our Supreme Court intended the holding in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)] to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." **Commonwealth v. Schofield**, . . . 888 A.2d 771, 774 ([Pa.] 2005) (emphasis added); **see also** [**Commonwealth v.**] **Castillo**, 888 A.2d [775, 780 (Pa. 2005)]. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to **Lord**, when . . . appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." **Id.**

Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

\*     \*     \*

Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b) the appellant **must** comply in a timely manner.

*Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*) (emphases in original) (some citations and quotation marks omitted); *see id.* at 227 (holding that this Court cannot address merits of issues on appeal where appellant failed to timely file Rule 1925(b) statement).

Here, the record reflects that, on March 21, 2013, the trial court issued an order in technical compliance with Rule 1925(b) requiring Appellant to file a statement "no later than twenty-one (21) days from the date of this order's entry on the clerk's docket." (Order, 3/21/13, at 1). The order provided in bold type: "**Any issue not properly included in the Statement shall be deemed waived**." (*Id.*) (emphasis in original). Appellant filed his untimely concise statement six days late, on April 17, 2013.

Appellant then filed an Application for Relief with this Court, which we granted based on counsel's representation that he had omitted "a major

- 7 -

issue" from the original Rule 1925(b) statement; he neglected to inform this Court that the original statement was untimely. (Application for Relief, 11/15/13, at 1; *see id.* at 1-2). Although we granted the Application for Relief, Appellant failed to file the supplemental Rule 1925(b) statement within the thirty-day time-period prescribed by this Court. (*See* Order, 1/02/14, at 1). Further, following remand, Appellant did not simply supplement his original Rule 1925(b) statement to include the "major issue" omitted from it; he filed a supplemental statement raising five issues, four of which were not included in the original statement. (Application for Relief, 11/15/13, at 1; *see also* Supplemental Rule 1925(b) Statement, 2/04/14, at unnumbered pages 1-2).

Based on this record, because Appellant did not timely file his Rule 1925(b) statement or supplemental statement, we conclude that he failed to comply with the minimal requirements of Rule 1925(b). Consequently, he has waived all of his issues on appeal. *See* Pa.R.A.P. 1925(b)(3)(iv),(4)(vii); *see also Greater Erie Indus. Dev. Corp.*, *supra* at 224-25. Accordingly, we may not address the merits of those claims. *See Greater Erie Indus. Dev. Corp.*, *supra* at 227.[6]

_____

[6] We recognize that our Rules of Appellate Procedure provide for limited instances in which appellate courts may remand criminal cases to trial courts in order to cure defects in Rule 1925(b) statements. In relevant part, Pa.R.A.P. 1925(c) permits appellate courts in criminal cases to remand in the
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

*(Footnote Continued)* ————————

following three circumstances related to the filing of Rule 1925(b) statements:

> (1) An appellate court may remand [in a criminal case] for a determination as to whether a Statement has been filed and/or served or timely filed and/or served.
>
> *   *   *
>
> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.
>
> (4) In a criminal case . . . [where counsel filed an **Anders/McClendon** brief] in lieu of filing a Statement [and] upon review of the **Anders/McClendon** brief, the appellate court believes that there are arguably meritorious issues for review[.] . . .

Pa.R.A.P. 1925(c)(1), (3)-(4). None of these circumstances is applicable in the present case. With respect to Pa.R.A.P. 1925(c)(1), the record reflects that neither Appellant's original Rule 1925(b) statement nor his supplemental statement were timely filed. With regard to Pa.R.A.P. 1925(c)(3), the official note to the rule makes clear that remand is available "only when the appellant has completely failed to respond to an order to file a Statement. . . . [W]hen waiver occurs due to the improper filing of a Statement . . . relief may occur only through the post-conviction relief process[.]" Pa.R.A.P. 1925(c)(3), Note. Here, Appellant has not completely failed to respond to the court's order directing him to file a Rule 1925(b) statement. Finally, with respect to Pa.R.A.P. 1925(c)(4), counsel is privately retained and has not filed an **Anders/McClendon** brief. Therefore, remand is not available in the instant case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/18/2014</u>