J-A25034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN CANNON, | |
| Appellant | No. 1377 EDA 2013 |

Appeal from the Judgment of Sentence April 8, 2013
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0000684-2012

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 18, 2014**

Appellant, John Cannon, appeals from the judgment of sentence imposed following his bench conviction of aggravated assault (graded as a felony of the first-degree), possession of an instrument of a crime, terroristic threats,[1] and related charges.  We affirm.

We take the relevant facts and procedural history of this case from the trial court's November 6, 2013 opinion and our independent review of the record.  Eric Wheeler, Keith Thomas, and Appellant are next-door neighbors on a cul-de-sac in Norwood, Pennsylvania.  Mr. Wheeler has lived in the neighborhood for approximately four years, and throughout this time,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 907(a), and 2706(a)(1), respectively.

Appellant has behaved in a hostile and abusive manner towards him by shouting profanities, playing the drums constantly, blasting heavy metal music, and calling Mr. Wheeler's fiancé obscene names when she walks by his house. Mr. Wheeler has complained to the police on many occasions about Appellant's offensive behavior. Appellant has also threatened to shoot or stab Mr. Thomas and members of his family.

On January 7, 2012, at approximately 9:00 a.m., Mr. Wheeler, Mr. Thomas, and Thomas' three sons began organizing and cleaning their garages while playing the radio. Appellant contacted the police to complain about noise, and a police officer arrived in response. The radio was not playing at a high volume, and the officer left when he realized that the complaint was baseless. Later that day, a police officer again arrived at Mr. Wheeler's home in response to Appellant's noise complaint. Mr. Wheeler and Mr. Thomas were playing with remote control cars, and Appellant yelled "nice fucking cars you faggots," while the officer was in the driveway. (N.T. Trial, 1/23/13, at 24). The officer left after concluding that the complaint was baseless.

Mr. Wheeler and Mr. Thomas then went into Thomas' home to watch football with a friend and Thomas' sons. The men began drinking beer and occasionally went outside to smoke cigarettes. When they were outside, Appellant shouted profanity-laced insults and threats from his yard. Appellant was intoxicated and slurring his speech. Mr. Wheeler was not intoxicated and ignored Appellant.

- 2 -

The last time that Mr. Wheeler and Mr. Thomas went outside to smoke cigarettes that evening, Appellant approached the fence between his yard and Thomas' yard and yelled "I'll fuck you up. I'll fucking kill yous [sic] both." (*Id.* at 33). Mr. Wheeler spoke to Appellant for the first time that day and said, "just go in mommy's house." (*Id.*). Appellant hurtled over the fence, landed on his feet, and stabbed at Mr. Wheeler with a knife. Mr. Wheeler raised his arm in a defensive gesture to protect his neck, and Appellant stabbed the knife into and through Wheeler's arm. As Wheeler bled profusely, Appellant danced around with the knife and pointed at Thomas and Thomas' son, telling them that he was going to "slit [their] fucking throat[s] next." (*Id.* at 38; *see also id.* at 37, 105). Wheeler was rushed to the hospital and he suffered a severed artery, ligaments, and tendons, along with trauma to his ulnar nerve, impairing his motion for months. He experiences numbness in his arm and he has permanent scars.

Police arrested Appellant after the incident and he gave a written statement claiming Mr. Wheeler attacked him with a knife. He stated that he grabbed the knife from Wheeler and swung it at him in self-defense.

Appellant proceeded to a bench trial on January 23, 2013, and the court found him guilty of the above-stated offenses. On April 8, 2013, the court sentenced Appellant to an aggregate term of not less than ten nor

more than twenty years' incarceration, followed by five years' probation. This appeal timely followed.[2]

Appellant raises the following issues for our review:

1. Was not the evidence insufficient to convict Appellant of aggravated assault as a felony, in as much as Appellant did not act with the intent to cause serious bodily injury nor under circumstances manifesting extreme indifference to human life?

2. Did the [trial] [c]ourt error in allowing pervasive testimony concerning prior bad acts committed by the Appellant?

(Appellant's Brief, at 2).

In his first issue, Appellant challenges the sufficiency of the evidence to support his aggravated assault conviction. (**See** Appellant's Brief, at 9-15).[3] Appellant argues that the Commonwealth failed to prove that he acted with the requisite intent because the evidence does not show that he intended to cause Mr. Wheeler serious bodily injury or that he acted recklessly demonstrating extreme indifference to human life. (**See id.** at

_____

[2] Appellant filed a Rule 1925(b) statement contemporaneously with his notice of appeal on May 6, 2013. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on November 6, 2013. **See** Pa.R.A.P. 1925(a).

[3] Appellant's Rule 1925(b) statement challenged both the sufficiency and weight of the evidence to support the aggravated assault conviction. (**See** Rule 1925(b) Statement, 5/06/13, at 1 (stating "The conviction on Aggravated Assault was against the weight and sufficiency of the evidence and should be reversed.")). However, because Appellant abandoned the weight claim in his brief, we will not address it. (**See** Appellant's Brief, at 9-15); **see also Commonwealth v. Briggs**, 12 A.3d 291, 310 n.19 (Pa. 2011), cert. denied, 132 S.Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

12-14). Appellant asserts that the record reflects an "all too common situation" in which individuals overcome by anger induced by alcohol overconsumption engaged in a physical altercation where both parties accidentally sustained injury. (**Id.** at 13).

Before we may address the merits of Appellant's issue, we must determine whether he properly preserved it for our review. The Commonwealth contends that Appellant waived his sufficiency of the evidence issue because he did not identify the element(s) of the crime the Commonwealth failed to prove at trial in his Rule 1925(b) statement. (**See** Commonwealth's Brief, at 9-10). We agree.

> [W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925[(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. Here, Appellant . . . failed to specify which elements he was challenging in his [Rule] 1925[(b)] statement . . . . While the trial court did address the topic of sufficiency in its opinion, we have held that this is of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on [a party's] argument or a trial court's choice to address an unpreserved claim.

**Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (citations and quotation marks omitted).

Here, Appellant's Rule 1925(b) statement does not identify which elements of aggravated assault that the Commonwealth allegedly failed to prove. (**See** Rule 1925(b) Statement, 5/06/13, at 1). Instead, as stated

- 5 -

previously, the statement raises the following generic issue: "The conviction on Aggravated Assault was against the weight and sufficiency of the evidence and should be reversed." (*Id.*). Although the trial court addressed the sufficiency issue in its opinion, "this is of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion[.]" *Gibbs*, *supra* at 281 (citation omitted). Accordingly, we conclude that Appellant's sufficiency challenge is waived. ***See id.***; ***see also Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (determining that appellant waived sufficiency claim where his "Pa.R.A.P. 1925(b) statement simply provided a generic statement stating '[t]he evidence was legally insufficient to support the convictions'") (record citation omitted).

Moreover, even if Appellant did not waive his sufficiency claim, it would still not merit relief.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and

all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Cahill*, 95 A.3d 298, 300 (Pa. Super. 2014) (citation omitted).

The Pennsylvania Crimes Code defines the crime of aggravated assault as follows:

> **(a) Offense defined.—**A person is guilty of aggravated assault if he:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1). The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.[4]

> To obtain a conviction for aggravated assault when the victim sustained serious bodily injury, the Commonwealth must establish that the offender acted intentionally, knowingly, or with a high degree of recklessness that included an element of deliberation or conscious disregard of danger. At a minimum, the Commonwealth must prove that the offender acted with malice, consciously disregarding an unjustified and extremely high risk that his actions might cause death or serious bodily harm. In other words,

---

[4] The trial court specifically found that "Wheeler's injuries constituted 'serious bodily injury', since they required immediate medical attention and would have been serious, if not life threatening, had they not received emergency treatment." (Trial Ct. Op., at 5).

> [a] defendant must display a conscious disregard for almost certain death or injury such that it is tantamount to an actual desire to injure or kill; at the very least, the conduct must be such that one could reasonably anticipate death or serious bodily injury would likely and logically result.
>
> This Court has previously acknowledged that intent can be difficult to prove directly because it is a subjective frame of mind. However, the fact-finder is free to conclude that the accused intended the natural and probable consequences of his actions to result therefrom.
>
> > We must look to all the evidence to establish intent, including, but not limited to, [the] appellant's conduct as it appeared to his eyes. Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.
>
> Each case must be evaluated on its own particular facts, but under appropriate circumstances, even a single punch to the face can constitute aggravated assault.

*Commonwealth v. Faulk*, 928 A.2d 1061, 1070 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (citations and quotation marks omitted).

Here, Mr. Wheeler testified that he was not intoxicated on the night of the incident, and that Appellant was intoxicated and slurring his words. (*See* N.T. Trial, 1/23/13, 26-27, 32). Mr. Wheeler indicated that, after Appellant had harassed him all day, Appellant jumped a waist-high fence and attacked him with a knife. (*See id.* at 33, 35, 70). Mr. Wheeler stated that he was not armed, and that he raised his arm in a defensive gesture to protect his neck. (*See id.* at 34-36, 70, 78). He opined that, if he had not blocked the knife with his arm, it would have entered the left side of his neck. (*See id.* at 87). The force of the impact of the knife on Mr. Wheeler's

arm was so great that the knife went **through** his arm. (***See id.*** at 36). He stated that after the attack, Appellant danced around with the knife and pointed it at Thomas and Thomas' son, telling them that he was "going to slit [their] fucking throat[s] next[.]" (***Id.*** at 38). Mr. Wheeler further testified that, because of the attack, he suffered a severed artery, tendons, and ligaments, and trauma to his ulnar nerve, impairing his motion for months. (***See id.*** at 40-41). He has permanent scars from the injury, and he continued to experience numbness as of the date of the trial. (***See id.*** at 36, 41).

Mr. Thomas corroborated Mr. Wheeler's testimony, stating that Appellant jumped the fence, stabbed Mr. Wheeler, and then started yelling "you're fucking next, Keith." (***Id.*** at 105; ***see also id.*** at 104). Mr. Thomas understood this to mean that Appellant was going to stab him next. (***See id.*** at 105).

Appellant testified that he was intoxicated during the incident, and he indicated his belief that Mr. Wheeler was also intoxicated. (***See id.*** at 200). He stated that he acted in self-defense when Mr. Wheeler came running at him with a large six or seven-inch knife, and that he managed to take the knife away from Wheeler in the struggle. (***See id.*** at 196, 203-04, 228). Appellant further testified that he put up his hand to protect himself from the knife, and it accidently went through Wheeler's arm. (***See id.*** at 204, 229). However, the trial court concluded that Appellant's testimony describing his version of events was not credible. (***See*** Trial Ct. Op., at 5, 9); ***see also***

*Cahill*, *supra* at 300 (stating that it is within province of fact-finder to assess credibility of witnesses and accept all, part, or none of evidence).

Based on the foregoing, and viewing the evidence in the light most favorable to the Commonwealth, *see Cahill*, *supra* at 300, we would conclude that Appellant's challenge to the sufficiency of the evidence lacks merit. The record supports the trial court's finding that Appellant committed an intentional, knowing or reckless act, under circumstances manifesting extreme indifference to human life when he forcefully stabbed Mr. Wheeler with a knife, penetrating into and through his arm. (*See* Trial Ct. Op., at 6 (citing 18 Pa.C.S.A. § 2702(a)(1))). Accordingly, Appellant's first issue on appeal would not merit relief, even if we did not find it waived.

In his second issue, Appellant claims that the trial court erred in allowing evidence of his prior bad acts, in contravention of Pennsylvania Rule of Evidence 404(b). (*See* Appellant's Brief, at 15-20). Appellant maintains that he is entitled to a new trial because the court allowed Mr. Wheeler, Mr. Thomas, and police officers to testify about prior incidents where police responded to complaints involving him. (*See id.* at 15-16).

Before we may reach the merits of this issue, we must assess whether Appellant has properly preserved it. The Commonwealth contends that this issue is waived because Appellant failed to include it in his Rule 1925(b) statement. (*See* Commonwealth's Brief, at 13; Rule 1925(b) Statement, 5/06/13, at 1). Consequently, the trial court did not address the issue in its

opinion. (**See** Trial Ct. Op., at 1-11; Commonwealth's Brief, at 13). We agree with the Commonwealth that the issue is waived.

Pennsylvania Rule of Appellate Procedure 1925(b) provides, in relevant part, that "[i]ssues not included in [an appellant's Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). An *en banc* panel of this Court has stated:

> Our Supreme Court intended the holding in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)] to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." **Commonwealth v. Schofield**, . . . 888 A.2d 771, 774 ([Pa.] 2005) (emphasis added); **see also** [**Commonwealth v.**] **Castillo**, 888 A.2d [775, 780 (Pa. 2005)]. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to **Lord**, when . . . appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." **Id.** Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

**Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original).

Here, Appellant's Rule 1925(b) statement wholly omits the second issue he discusses in his brief alleging trial court error in allowing prior bad

- 11 -

act evidence.[5]  (**See** Rule 1925(b) Statement, 5/06/13, at 1; Appellant's Brief, at 15-20).  Therefore, Appellant's second issue on appeal is waived, and we may not address it on the merits.  **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Greater Erie Indus. Dev. Corp.**, **supra** at 224, 227. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014

---

[5] Specifically, Appellant's Rule 1925(b) statement raises three issues: 1) the aforementioned weight/sufficiency claim; 2) a claim that the court incorrectly calculated his prior record score; and 3) a challenge to the information filed by the Commonwealth.  (**See** Rule 1925(b) Statement, 5/06/13, at 1).