J-S65041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FAROUK JUNINOE RIVERA, | |
| Appellant | No. 1050 EDA 2014 |

Appeal from the Judgment of Sentence July 8, 2013
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0000550-2010

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 25, 2015**

Appellant, Farouk Juninoe Rivera, appeals *nunc pro tunc* from the judgment of sentence imposed after a **Gagnon**[1] hearing for a probation violation, following an open guilty plea to unlawful use of a computer.[2]  We affirm.

The trial court summarized the procedural history of this case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (probationer is entitled to a "preliminary hearing . . . to determine whether there is probable cause to believe that he has committed a violation of his [probation (**Gagnon I**)], and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision [(**Gagnon II**)].").

[2] 18 Pa.C.S.A. § 7611(a)(1).

On March 5, 2010, Appellant was arrested by the Pocono Mountain Regional Police Department in connection with several fraudulent bank transactions.

On March 12, 2010, Appellant waived his preliminary hearing. Accordingly, on April 26, 2010, a [c]riminal [i]nformation was filed against Appellant, charging him with the following five counts: [u]nlawful [u]se of a [c]omputer, graded as a third degree felony (18 Pa.C.S.A. § 7611(a)(1)); [f]orgery—[u]nauthorized [a]ct in [w]riting, graded as a second degree felony (18 Pa.C.S.A. § 4101(a)(2)); [f]orgery—[u]tters [f]orged [w]riting, graded as a third degree felony (18 Pa.C.S.A. § 4101(a)(3)[)]; [t]heft [b]y [d]eception—[f]alse [i]mpression, graded as a first degree misdemeanor (18 Pa.C.S.A. § 3922(a)(1)), and; [c]omputer [t]respass—[t]ransfer of [f]unds, graded as a third degree felony (18 Pa.C.S.A. § 7615(a)(4)).

On June 22, 2010, Appellant pleaded guilty to [c]ount [one], of the [c]riminal [i]nformation, [u]nlawful [u]se of a [c]omputer, in exchange for the Commonwealth's agreement to *nolle prosequi* the remaining four charges.

On September 1, 2010, Appellant was sentenced to a period of incarceration not less than eleven[-]and[-]one[-]half (11 ½) months nor more than twenty[-]three (23) months to be followed by a period of one year of probation. Additionally, Appellant was ordered to make restitution to PNC Bank in the amount of $1,022.00 and to PPL Electric Utilities in the amount of $700.00.

On September 13, 2010, Appellant filed a [m]otion for [r]econsideration of [s]entence. After a hearing on the matter, said [m]otion was denied by [o]rder of [the trial c]ourt dated September 17, 2010 [and filed September 28, 2010].

On October 18, 2010, the Commonwealth filed to *nolle prosequi* Counts II through V of the [c]riminal [i]nformation. By [o]rder of [the trial c]ourt dated October 21, 2010 [and filed October 22, 2010], said [m]otion was granted.

On August 1, 2011, Appellant filed a [p]etition for [p]arole. After a hearing on the matter, said [m]otion was granted by [o]rder of [the trial c]ourt dated August 15, 2011 [and filed August 17, 2011].

On May 30, 2013, after Appellant maxed on his parole and was towards the end of his period of probation, Appellant was arrested by the Wilkes-Barre Township Police Department and charged with two counts each of [i]dentity [t]heft, [c]riminal [u]se of a [c]ommunication [f]acility, [a]ccess [d]evice [i]ssued to [a]nother [w]ho [d]id [n]ot [a]uthorize [u]se, and [t]heft by [d]eception. Appellant was incarcerated in the Luzerne County Correctional Facility with bail set at $10,000.00.

On June 3, 2013, the Commonwealth filed a [p]etition for [v]iolation of [p]robation in connection with the above captioned case, alleging that Appellant's arrest in Luzerne County violated the terms of his probation. A copy of this petition was served on Appellant's counsel of record, the Monroe County Public Defender Office.

On July 2, 2013, a **Gagnon I** hearing was held at which time [the trial c]ourt determined that there was probable cause to detain Appellant for a **Gagnon II** hearing. Said **Gagnon II** hearing was held on July 8, 2013 after which Appellant's probation was revoked by [o]rder of [the trial c]ourt. Appellant was then sentenced to a period of incarceration not less than twenty[-]one (21) months nor more than forty[-]two (42) months with a time served credit of eleven[-]and[-]a[-]half (11 ½) months. Throughout the course of the probation revocation proceedings, Appellant was represented by Attorney Jason LaBar of the Monroe County Public Defender Office.

(Trial Court Opinion, 5/14/14, at 1-3).

Appellant filed a *pro se* petition for modification of sentence on August 6, 2013, which the trial court ordered the Monroe County Clerk of Courts to forward to the Monroe County Public Defender Office. (**See** Order, 8/08/13).

- 3 -

On October 18, 2013, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, seeking release from custody, correction of sentence, and modification of sentence.[3]

Appellant filed a second *pro se* PCRA petition on October 30, 2013 seeking release from custody, correction of sentence, and vacation of sentence.[4]

On November 12, 2013, the court appointed Attorney Donald M. Leeth to represent Appellant. Counsel filed an amended PCRA petition on December 2, 2013.[5] The PCRA court held a hearing on January 21, 2014, and reinstated Appellant's direct appeal rights *nunc pro tunc* on February 27, 2014.

Appellant timely appealed on March 25, 2014. On March 27, 2014, the trial court entered an order directing Appellant to file a Rule 1925(b) statement within twenty-one days, by April 17, 2014. **See** Pa.R.A.P. 1925(b). The order advised that "any issue not properly included in the

---

[3] Appellant claimed that the sentence following his probation violation hearing resulted in him receiving a second sentence for the same charge he pleaded guilty to on June 22, 2010. (**See** PCRA Petition, 10/18/13, at 3).

[4] Appellant claimed that he did not receive written notice of the probation violation proceedings. (**See** PCRA Petition, 10/30/13, at 3).

[5] In addition to the issues raised in Appellant's *pro se* petitions, counsel asserted that "[p]rior counsel rendered ineffective assistance of counsel by failing to pursue a [p]etition for [r]econsideration of the sentence . . . [and] an appeal." (Amended PCRA Petition, 12/02/13, at unnumbered page 2 ¶11).

- 4 -

concise statement timely filed and served pursuant to subdivision (b) shall be deemed waived." (Concise Statement Order, 3/27/14, at 1).

On April 17, 2014, Appellant requested an extension within which to file his Rule 1925(b) statement due to a delay in receiving the notes of testimony. (*See* Motion for Extension of Time, 4/17/14, at unnumbered page 2 ¶6). The trial court granted Appellant's motion on April 21, 2014 and directed him to file his Rule 1925(b) statement on or before May 5, 2014. (*See* Concise Statement Order, 4/21/14, at 1). Appellant failed to file his statement timely, instead, filing it eight days late on May 13, 2014. The trial court entered its Rule 1925(a) opinion on May 14, 2014. *See* Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1.    Whether the Commonwealth failed to notify [Appellant] in writing of [the] probation violation charges?

2.    Whether Appellant may challenge the discretionary aspects of sentencing after revocation of a split sentence?

    A.    If so, whether the sentence imposed following revocation of Appellant's split sentence was excessive?

(Appellant's Brief, at 4).

Before we may address the merits of Appellant's issues, we must determine whether he properly preserved them for our review. Rule 1925(b) provides, in relevant part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.—
If the judge entering the order giving rise to the notice of appeal

- 5 -

("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\* \* \*

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. . . . In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

4) *Requirements; waiver.*

\* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(2), (3), (4)(vii).

An *en banc* panel of this Court has held:

- 6 -

Our Supreme Court intended the holding in [***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998)] to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." ***Commonwealth v. Schofield***, . . . 888 A.2d 771, 774 ([Pa.] 2005) (emphasis added); ***see also*** [***Commonwealth v.***] ***Castillo***, 888 A.2d [775, 780 (Pa. 2005)]. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to ***Lord***, when . . . appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." ***Id.*** Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

\*    \*    \*

Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b) the appellant **must** comply in a timely manner.

***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*) (emphases in original) (some citations and quotation marks omitted).

Here, the record reflects that on March 27, 2014, the trial court issued an order in technical compliance with Rule 1925(b) requiring Appellant to file a statement "within twenty-one (21) days from the date of this [o]rder's entry on the docket[.]" (Concise Statement Order, 3/27/14, at 1). The order provided that "any issue not properly included in the concise

- 7 -

statement timely filed and served pursuant to subdivision (b) shall be deemed waived." (**Id.**).

On April 17, 2014, due to a delay in receiving the notes of testimony, Appellant requested an extension within which to file his Rule 1925(b) statement. (**See** Motion for Extension of Time, 4/17/14, at unnumbered page 2). The trial court granted him an extension to May 5, 2014. (**See** Concise Statement Order, 4/21/14, at 1). Appellant filed his untimely concise statement eight days late, on May 13, 2014.

Based on this record, because Appellant did not timely file his Rule 1925(b) statement, we conclude that he failed to comply with the minimal requirements of Rule 1925(b). Consequently, he has waived all of his issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Greater Erie Indus. Dev. Corp.**, **supra** at 224-25. Accordingly, we may not address the merits of those claims. **See Greater Erie Indus. Dev. Corp.**, **supra** at 227.[6]

Judgment of sentence affirmed.

---

[6] We note that our "Rules of Appellate Procedure provide for limited instances in which appellate courts may remand [criminal] cases to trial courts in order to cure defects in Rule 1925 practice." **Greater Erie Indus. Dev. Corp.**, **supra** at 227 n.7. Here, none of the circumstances are applicable. **See** Pa.R.A.P. 1925(c).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015