J-S25037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: T.S. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.S. | |
| | No. 1850 WDA 2014 |

Appeal from the Dispositional Order July 1, 2014
in the Court of Common Pleas of Allegheny County
Juvenile Division at No.: 11-1252, JID #87248-A Caselog 178274

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 06, 2015**

Appellant, T.S., a minor, appeals from the juvenile court's dispositional order[1] following his adjudication of delinquency for committing delivery of a controlled substance and criminal conspiracy.[2] Appellant challenges the sufficiency and weight of the evidence. We affirm.

The juvenile court aptly summarized factual history of this case as follows:

. . . [On] January 3, 2014, City of Pittsburgh police officers Lieutenant Jason Lando, along with Sergeant Tom Huerbin worked an undercover drug detail. As part of that detail, Lt.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court's order is dated June 26, 2014, but was entered on the docket on July 1, 2014. We have amended the caption accordingly.

[2] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 903(a)(1), respectively.

Lando began communicating with an unknown male via text messaging and arranged a drug buy at approximately noon that same day. As a result of this communication, Lt. Lando, and Sgt. Huerbin operating as close cover, along with a surveillance team proceeded to Capri Pizza, located at the corner of Penn Avenue and North Highland in the East Liberty section of the City of Pittsburgh. Once at the restaurant Lt. Lando was to purchase a bundle, or ten (10) stamp bags of heroin, for eighty (80) dollars. While acting undercover, Lt. Lando and Sgt. Huerbin positioned themselves inside Capri Pizza. Lt. Lando sat at a table near the front of the restaurant near the front glass window and Sgt. Huerbin was positioned a few tables behind Lt. Lando. As 12:45 p.m., Lt. Lando received a telephone call from the same unknown male, stating that he was parking the car and would be there soon. Lt. Lando gave the unknown male details of his physical description and where he was seated inside the restaurant. Approximately two (2) minutes later, Lt. Lando observed two (2) black males, one later identified as James Kendrick and the second, minor [Appellant[3]], approach the pizza shop together and then engage in a conversation. Lt. Lando next testified that [Appellant], who was wearing a red hooded sweatshirt with white lettering on the front that read "Fame U", entered Capri Pizza after Kendrick motioned for him to do so. [Appellant] then walked directly to the area where Lt. Lando was seated, looked him up and down, made eye contact and then exited the restaurant to meet up with Kendrick, who had remained outside. Lt. Lando then followed [Appellant] outside. The trio stood together in front of the restaurant, and at that time [Appellant] said to Kendrick, "he is cool man." Upon hearing this, Lt. Lando told Kendrick that he wanted to conduct the drug transaction in the bathroom inside Capri Pizza. The trio then proceeded to the back of the restaurant, where the bathroom is located. Lt. Lando and Kendrick entered the bathroom, where Kendrick handed him a bundle of heroin and received eighty (80) dollars from Lt. Lando in return.

[Appellant], who was observed by Sgt. Huerbin, stood at the pizza counter during the drug transaction and ordered some food while keeping an eye on the bathroom door. After

_____

[3] Appellant was fourteen-years-old at the time of the incident. (**See** Appellant's Brief, at 9).

delivering the heroin, Kendrick walked out of the bathroom and exited Capri Pizza. Lt. Lando went back to his table and left shortly thereafter. Sgt. Huerbin remained inside until [Appellant] left the restaurant and then followed [him] for a short while outside. Officer Gary Spory, who was part of the surveillance team, was positioned outside to photograph any portions of the drug transaction and photographed [Appellant] as he was walking on North Highland after he left Capri Pizza.

(Trial Court Opinion, 12/08/14, at 2-4 (footnotes omitted)).

The juvenile court held an adjudicatory hearing on June 5, 2014, and adjudicated Appellant delinquent based on its determination that he committed the above-mentioned offenses. On July 1, 2014, the court entered its dispositional order committing Appellant to The Summit Academy. On July 3, 2014, Appellant filed post-dispositional motions, **see** Pa.R.J.C.P. 620, which the court denied by order entered August 6, 2014. Appellant filed a timely notice of appeal.

On September 2, 2014, the court entered an order directing Appellant to file a Rule 1925(b) statement within seven days, advising: "[a]ny issue not properly included in the Statement timely filed and served shall be deemed waived." (Concise Statement Order, 9/02/14, at 1); **see** Pa.R.A.P. 1925(b). On September 10, 2014, the court issued an order superseding its previous Rule 1925(b) order, directing Appellant to file a concise statement within twenty-one days of the original order.[4] The court again advised: "Any

---

[4] Twenty-one days from the original order was September 23, 2014.

*(Footnote Continued Next Page)*

issue not properly included in the Statement timely filed and served shall be deemed waived." (Concise Statement Order, 9/10/14, at 1). Appellant filed a Rule 1925(b) statement on October 1, 2014, eight days past the deadline set by the court, but within twenty-one days of entry of the September 10, 2014 order on the docket. The court filed an opinion on December 8, 2014, in which it addressed the issues raised in Appellant's Rule 1925(b) statement. *See* Pa.R.A.P. 1925(a).

Appellant raises two issues for our review:

1. Whether the trial court erred in holding that the evidence presented at trial was sufficient to support the delinquency adjudications for delivery of a controlled substance, 35 Pa.C.S.[]§ 780-113(a)(1)[sic], and criminal conspiracy 18 Pa.C.S.A.[]§ 903?

2. Whether the trial court erred in holding that the delinquency adjudications for delivery of a controlled substance, 35 Pa.C.S. §[]780-113(a)(1) [sic] and criminal conspiracy under 18 Pa.C.S. §[]903(a)(1) were not against the weight of the evidence?

(Appellant's Brief, at 6).

Before we may address Appellant's issues, we must determine if he properly preserved them, as required by Rule 1925(b).

The Rule provides, in relevant part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.—
If the judge entering the order giving rise to the notice of appeal

*(Footnote Continued)* ─────────────────

Although the order directed that the statement be filed within twenty-one days of "this order," it further noted that "[t]he effective date of this order is Sept. 2, 2014." (Concise Statement Order, 9/10/14, at 1).

("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

* * *

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. . . . In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) *Requirements; waiver.*

* * *

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(2), (3), (4)(vii).

An *en banc* panel of this Court has held:

Our Supreme Court intended the holding in [*Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)] to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Commonwealth v. Schofield*, . . . 888 A.2d 771, 774 ([Pa.] 2005). . . ; *see also* [*Commonwealth v.*] *Castillo*, 888 A.2d [775, 780 (Pa. 2005)]. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to *Lord*, when . . . appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." *Id.* Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

*Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (some citations, quotation marks and emphasis omitted).

Here, the record reflects that, on September 2, 2014, the juvenile court issued an order directing Appellant to file a concise statement within only seven days, in violation of Rule 1925(b)(2). (*See* Concise Statement Order, 9/02/14, at 1); *see also* Pa.R.A.P. 1925(b)(2) (requiring trial courts to allow a minimum of twenty-one days for filing). The court then corrected this error by issuing a superseding order on September 10, 2014 in technical compliance with Rule 1925(b), requiring Appellant to file a concise statement within twenty-one days of its original order. (*See* Order, 9/10/14, at 1). The order provided: "Any issue not properly included in the Statement timely filed and served shall be deemed waived." (*Id.*) Appellant filed a Rule

1925(b) statement on October 1, 2014, eight days after the deadline set by the court.

Based on the foregoing, we conclude that Appellant failed to comply with the requirements of Rule 1925(b). Therefore, he has waived his issues on appeal. *See* Pa.R.A.P. 1925(b)(3)(iv), (4)(vii); *see also Greater Erie Indus. Dev. Corp.*, *supra* at 224.

Moreover,[5] even if Appellant's issues on appeal were not waived, they would not merit relief. "Our standard of review of dispositional orders in juvenile proceedings is well settled: . . . We will not disturb a disposition absent a manifest abuse of discretion." *In re R.D.*, 44 A.3d 657, 664 (Pa. Super. 2012), *appeal denied*, 56 A.3d 398 (Pa. 2012) (citation omitted).

As noted above, Appellant first challenges the sufficiency of the evidence supporting his adjudication of delinquency for delivery of a controlled substance and criminal conspiracy. (*See* Appellant's Brief, at 14). He argues "there was absolutely no evidence whatsoever that [he] actually possessed heroin, let alone delivered heroin to Lt. Lando[,]" and that he was merely present at the pizza shop where he went to buy his lunch. (*Id.*; *see*

_____

[5] We recognize that this Court generally does not address the issues an appellant raises on appeal where he or she files an untimely Rule 1925(b) statement. *See Greater Erie Indus. Dev. Corp.*, *supra* at 227. However, given the unique circumstances of this case, where the court issued two Rule 1925(b) orders, the first of which failed to comply with Rule 1925(b)(2), and Appellant filed his concise statement within twenty-one days of entry of the second order on the docket, we will address Appellant's issues in the interest of judicial economy. *See* Pa.R.A.P. 105.

*id.* at 16). He also argues that there "is insufficient evidence to establish any agreement between Kendrick and himself." (*Id.* at 17). This issue would not merit relief.

> A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

*Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, —A.3d— (Pa. 2015) (citation and quotation marks omitted).

The Controlled Substance, Drug, Device and Cosmetic Act prohibits "the . . . delivery . . . [of] a controlled substance by a person not registered under this act[.] . . . " 35 P.S. § 780-113(a)(30).

In the instant case, the court found that Appellant was liable as an accomplice to the delivery of heroin to Lt. Lando. (*See* Trial Ct. Op. at 7). "It is well-established . . . that a defendant, who was not a principal actor in committing the crime, may nevertheless be liable for the crime if he was an accomplice of a principal actor." *Commonwealth v. Murphy*, 844 A.2d 1228, 1234 (Pa. 2004) (citations omitted). "A person is an accomplice of another person in the commission of an offense if . . . with the intent of promoting or facilitating the commission of the offense, he . . . aids or agrees or attempts to aid such other person in planning or committing it[.] . . ." 18 Pa.C.S.A. § 306(c)(1)(ii). "[A] defendant cannot be an accomplice simply based on evidence that he knew about the crime or was present at

the crime scene." ***Murphy***, ***supra*** at 1234 (citation omitted). "There must be some additional evidence that the defendant intended to aid in the commission of the underlying crime, and then did or attempted to do so." ***Id.*** (citation omitted).

Section 903 of the Crimes Code sets forth the crime of criminal conspiracy, in pertinent part, as follows:

> **(a) Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime[.]

18 Pa.C.S.A. § 903(a)(1).

"To sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Feliciano***, 67 A.3d 19, 25-26 (Pa. Super. 2013) (*en banc*), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citation omitted). "The conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt." ***Id.*** at 26 (citation omitted).

Here, the juvenile court explained why Appellant's sufficiency of the evidence claim lacks merit:

The Commonwealth conceded that [Appellant] did not possess or physically deliver the heroin to Lt. Lando himself. However, the evidence clearly established that [Appellant] acted as an accomplice to the crime, and was not merely present at the crime scene. As Lt. Lando testified, within minutes after receiving a call from the unknown male confirming the drug deal, [Appellant] arrived with Kendrick. [(**See** N.T. Hearing, 6/05/14, at 13-14)]. The subsequent actions by [Appellant] of entering the restaurant and "looking over", essentially screening Lt. Lando, demonstrated his intent to aid in the delivery. ([**See id**. at 15-18)]. Shortly thereafter, [Appellant] vouched that Lt. Lando was not a police officer by indicating to Kendrick "he is cool, man" giving the green light for the drug transaction to take place. [(**Id.** at 17; **see id.** at 18)]. [Appellant] was present when Lt. Lando and Kendrick discussed where the drug deal would take place and followed then inside the restaurant, providing surveillance over the bathroom to ensure that the delivery would be effectuated without interference. ([**See id**. at 17-19, 35)]. As the linchpin that connected Lt. Lando to the principle actor, [Appellant] was an accomplice under the law and thus delinquent of the crime of delivery of a controlled substance.

\* \* \*

. . . [With respect to criminal conspiracy,] [t]he circumstantial evidence in this case, viewed in the light most favorable to the Commonwealth, demonstrated not only that [Appellant] intended for the drugs to be sold, but also made an agreement with Kendrick that [Appellant] would assume an active role in the delivery. As stated above, [Appellant] and Kendrick arrived together outside Capri Pizza and engaged in a brief conversation. [(**See id.** at 14-15)]. Immediately thereafter, Lt. Lando observed Kendrick nod at [Appellant] to enter the restaurant. ([**See id**. at 15)]. Later, Lt. Lando stood outside with both actors and discussed were the drug deal was to take place. ([**See id**. at 17)]. [Appellant] then followed them inside and stationed himself outside the bathroom while the delivery occurred. ([**See id**. at 18-19)]. [Appellant] sanctioned the commission of the crime when he committed the overt act of assuring Kendrick that Lt. Lando was not a police officer, by stating "he is cool, man". [(**Id.** at 17)]. As such, the [c]ourt found sufficient evidence to support the existence of a criminal conspiracy between [Appellant] and Kendrick. . . .

(Trial Ct. Op., at 7-9) (emphases omitted).

After review of the record, viewing the evidence in the light most favorable to the Commonwealth, (*see Colon*, *supra* at 1041), we conclude that it fully supports the court's determination that the evidence was sufficient to sustain Appellant's adjudication.  Accordingly, Appellant's first issue would not merit relief.

In his second issue, Appellant challenges the weight of the evidence to support his adjudication.[6]  Specifically, Appellant asserts that the court gave undue consideration to Lt. Lando's testimony, which was not credible, was self-serving, and inconsistent with police reports.  (*See* Appellant's Brief, at 18-22).  He maintains that the court dismissed inconsistencies in the testimony where Lt. Lando testified that Appellant entered the restaurant by himself at the direction of Kendrick, while Sgt. Huerbin testified that the two men entered together.  (*See id.* at 20).  This issue would not merit relief.

> The law pertaining to weight of the evidence claims is well-settled.  The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses.  Rather, the role of the trial judge is to determine that notwithstanding all the facts,

---

[6] Appellant preserved this claim by including it in his post-dispositional motion.  (*See* Post-Dispositional Motion, 7/03/14, at unnumbered page 2); *see also* Pa.R.J.C.P. 620; *In re J.B., supra* at 99.

certain facts are so clearly of greater weight that to ignore them or to give them equal with all the facts is to deny justice.

On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Gonzalez***, 2015 WL 252446, at *7-8 (Pa. Super. Jan. 21, 2015) (citations and quotation marks omitted).

Here, after review of the record, and mindful of our "extremely limited" purview, we cannot conclude that the court's ruling on Appellant's weight of the evidence claim constituted abuse of discretion. ***Id.*** at *8. The court, as finder of fact, while passing upon the credibility of witnesses' testimony and the weight of the evidence produced, was free to believe all, part, or none of the evidence, and to resolve any inconsistencies in the testimony. ***See id***. at *7-8. Therefore, Appellant's weight claim would not merit relief. Accordingly, we affirm the dispositional order entered by the juvenile court.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2015