888 A.2d 771

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Joyce SCHOFIELD, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 11, 2005.

Decided Dec. 29, 2005.

Moira Dunworth, Philadelphia, for Joyce Schofield.

Hugh J. Burns, Philadelphia, Jason E. Fetterman, for Com., appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice BAER.

We granted review of this case, *Commonwealth v. Schofield,* 580 Pa. 4, 858 A.2d 1157 (2004), consolidated it with our review of *Commonwealth v. Castillo,* 580 Pa. 3, 858 A.2d 1156 (2004), and directed the parties to address the following issue:

> Should this Court reconsider its decisions in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), and *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631 (2002), so as to allow discretion in the intermediate appellate courts to review an issue that was not raised in a timely statement of matters complained of on appeal under Pa.R.A.P.1925(b); if so, what standards should be imposed to guide such discretion.

Concurrently with this opinion, we file our decision in *Commonwealth v. Castillo,* [Proposed Opinion in J–26B–2005], reaffirming the bright-line rule set forth in *Lord* and *Butler* under which the failure to comply with Pa.R.A.P.1925(b) [1] results in automatic waiver of issues raised on appeal. Accordingly, we affirm the decision of the Superior Court in the case *sub judice,* which found that the issues included in Appellant Joyce Schofield's unfilled Pa.R.A.P.1925(b) statement were waived.

1. In relevant part, Pa.R.A.P.1925, Opinion in Support of Order, provides as follows:

    (a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found. (b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

In this case, Schofield admitted to contracting for her co-defendant to murder her boyfriend and his mother. During trial, she alleged that she had changed her mind prior to any murder attempt, and contracted instead to pay her co-defendant the agreed upon consideration in exchange for his making repairs to her house and car. Evidence revealed that the co-defendant and another accomplice attempted to carry out the original plan by firebombing the mother's house, resulting in the death of a two-year-old child and severe injuries to other members of the household. Notwithstanding her "withdrawal from conspiracy" defense, on August 4, 2000, Schofield was convicted of murder in the first degree, two counts of attempted murder, two counts of arson, two counts of aggravated assault, criminal conspiracy, arson, and causing or risking a catastrophe. The trial court sentenced her to life in prison on the murder charge and additional sentences on the related charges.

After her conviction, Schofield's trial counsel filed an immediate appeal without filing post-sentence motions with the trial court. Trial counsel then withdrew, and new counsel requested the right to file post-sentence motions *nunc pro tunc*, which the court granted. New counsel then discontinued the appeal to the Superior Court.[2] On September 5, 2000, Schofield filed post-trial motions.

When the trial court did not act within 120 days, the motions were denied by operation of law on January 3, 2001. *See* Pa.R.Crim.P. 720(B)(3)(a). On February 6, 2001, the Schofield's counsel filed a second notice of appeal, based upon the denial of post trial motions and a request to withdraw as counsel.[3] The trial court granted the request to withdraw on

2. We need not determine whether the trial court had jurisdiction to grant Schofield the right to file her post-trial motions *nunc pro tunc* despite the pending notice of appeal to the Superior Court, based on our conclusion that Schofield waived her issues for failure to comply with Pa.R.A.P.1925(b).

3. The Superior Court concluded that Schofield's notice of appeal filed on February 6, 2001 was timely. This finding was based on the conclusion that the applicable date of the order denying the post-sentence motions was January 8, 2001, the date the trial court filed an

February 6, 2001, and on March 16, 2001, the trial court ordered Schofield to file a Pa.R.A.P.1925(b) statement.[4]

In her brief, Schofield claims that she "filed a *pro se* [Pa.R.A.P.] 1925(b) statement of matters complained of on appeal" on or about March 29, 2001. Schofield Brief at 4. She additionally includes a document with this title as an exhibit to her brief in this Court, but the document does not have a time stamp from the prothonotary of the lower court and is not included in the certified record.[5] The trial judge's Pa.R.A.P. 1925(a) Opinion filed on October 26, 2001, however, indicates his receipt of Schofield's *pro se* Pa.R.A.P.1925(b) statement raising numerous issues. The opinion is silent as to whether Schofield provided the judge with the document within the time constraints of the rule. Therefore, both the Superior Court and this Court, as appellate courts reviewing this case, are unable to determine whether Schofield delivered her Pa. R.A.P.1925(b) statement to the trial judge within the fourteen day period established by Pa.R.A.P.1925(b), or to know with certainty what issues she specified in the statement to the trial judge.[6]

order denying the motions, rather than January 3, 2001, because it took the clerk of courts five days to enter the order and effectuate notice. *See* Pa.R.Crim.P. 720(B)(3)(c). We need not address the issue arising as a result of the five days between January 3 and January 8, 2001 as the alleged untimeliness of the notice of appeal is irrelevant to the deficiency of the Pa.R.A.P.1925(b) statement.

4. The trial court did not appoint current counsel until June 21, 2001.

5. The only document included in the certified record that was filed by Schofield in the applicable period is a document entitled "Brief for Appellee" filed *pro se* by Schofield on March 19, 2001. Although this document would meet the timeliness requirements of Pa.R.A.P.1925(b), Schofield, does not reference this document, nor does she attempt to claim that this "Brief" constitutes compliance with the filing requirement of Pa.R.A.P.1925(b). Moreover, the document is not the same as the document she included in her brief to this Court entitled "Statement of Matters Complained Of."

6. On December 14, 2001, current counsel filed a supplement to the alleged original Pa.R.A.P.1925(b) statement with the trial court. The majority and dissenting opinions of the Superior Court do not acknowledge the supplemental Pa.R.A.P.1925(b) statement, nor do the parties reference it in their briefs to this Court. Moreover, the existence of a supplemental filing would not affect the timeliness of the original filing.

On appeal, the Superior Court, in an unpublished decision, affirmed the judgment of sentence after concluding that Schofield had waived all issues by failing to comply with Pa.R.A.P. 1925(b)'s requirement that the appellant timely file the statement "of record in the lower court" as well as serve it on the trial judge. Judge Klein filed a vigorous dissent asserting that the purpose of *Lord* and *Butler* had been satisfied because the trial judge had been informed of the issues the appellant planned to raise and had filed an opinion from which the Superior Court could conduct meaningful review, despite the *pro se* defendant's failure to file the statement with the clerk of the court. Moreover, Judge Klein asserted that the language in *Butler*, requiring both provision of the statement to the judge and filing with the court, is mere *dicta*, because in *Butler* there was no verifiable evidence that the defendant actually supplied the judge with the document.

Schofield, petitioned for this Court's review, which we granted, consolidated with our review of *Castillo*, and ordered the parties to address the stated question concerning modification of the *Lord/Butler* rule. Although the case was listed for argument, the parties decided to submit the case on the briefs.

While we acknowledge the equitable appeal of granting relief in this case, we reassert our holding in *Lord*, *Butler*, and now, *Castillo*, that failure to comply with the minimal requirements of Pa.R.A.P.1925(b) will result in automatic waiver of the issues raised. Specifically, Pa.R.A.P.1925(b) requires that an appellant "file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry" of an order requesting the statement. As discussed in the companion case, *Castillo*, the requirement of strict compliance with Pa. R.A.P.1925(b) guarantees a trial judge's ability to focus on the issues raised by the appellant, and thereby, allows for meaningful and effective appellate review. Moreover, a bright-line rule eliminates the potential for the inconsistent results that existed prior to *Lord*, when trial courts and appellate courts had discretion to address or to waive issues raised in noncompliant Pa.R.A.P.1925(b) statements. As is evidenced by

this case, non-compliance creates substantial problems on appeal, where the lack of filing results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period.

Accordingly, we affirm the decision of the Superior Court based on Schofield's waiver of the issues presented in her non-compliant Pa.R.A.P.1925(b) statement.[7]

Chief Justice CAPPY, Justice CASTILLE and NIGRO, Justice NEWMAN and Justice EAKIN join the opinion.

Justice SAYLOR files a dissenting opinion.

Justice SAYLOR, dissenting.

For the reasons set forth in my dissenting opinion in *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 2005 WL 3554867 (2005), I favor the discretionary review paradigm prevailing in the Rule 1925 setting prior to the decision in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). Further, under the circumstances presented here, where there has been substantial and meaningful compliance with Rule 1925(b) by a *pro se* litigant providing a statement of matters complained of on appeal to the trial judge, who prepared his Rule 1925(a) opinion with the benefit of such statement, I agree with Judge Klein's dissenting position that the waiver rule should not be enforced. *See Commonwealth v. Schofield*, No. 519 EDA 2001, *slip op.*, 839 A.2d 1162 (Pa.Super. Oct. 28, 2003) (Klein, J., dissenting) ("If a trial court understands the issues and has provided th[e] [appellate] court with an explanation for its order in the 1925(a) opinion, we are able to conduct meaningful appellate review and need not be con-

---

7. Additionally, while this matter was pending on appeal, current counsel, Moira Dunworth, filed an application for leave to withdraw as counsel for Schofield. As a result of this decision, the application is moot for purposes of the appeal before this Court. We note, however, that Schofield may be entitled to seek collateral relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–46. In which case, counsel may petition the PCRA court for leave to withdraw.

cerned with the timeliness of the filing of the statement. To do otherwise undermines the integrity of this court and confidence in the appellate review process.").

Accordingly, I respectfully dissent, as I would remand to the Superior Court for merits review.