939 A.2d 289

**COMMONWEALTH of Pennsylvania, Respondent,**

**v.**

**Angelnita RUSSELL, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 13, 2007.

## *ORDER*

PER CURIAM.

AND NOW, this 13th day of December, 2007, the Petition for Allowance of Appeal is DENIED.

Justice FITZGERALD files a dissenting statement.

Justice FITZGERALD, dissenting.

I respectfully dissent from the decision to deny allowance of appeal to Petitioner, who filed a supplemental Pa.R.A.P. 1925(b) statement before receiving the trial court's express permission to do so. On May 3, 2005, the trial court issued its 1925(b) order. Petitioner timely filed a "Preliminary Statement of Matters Complained of on Appeal and Request That Court Grant Consideration to a Supplemental Statement Upon Receipt of Notes of Testimony," in which she requested permission to file a supplemental statement within 14 days of receiving the notes of testimony. For well over a month, the trial court did not act on her request. Petitioner filed her supplemental statement on June 29, 2005, to which the trial court issued a responsive opinion. The trial court also issued the following order on November 3, 2006: "Final Statement filed on June 29, 2005 be accepted and considered as timely filed." Trial Ct. Docket at 12.

A split panel of the Superior Court, relying on its decision in *Commonwealth v. Woods,* 909 A.2d 372 (Pa.Super.2006), found

Petitioner's claim waived because she did not file a separate petition seeking permission to file a supplemental statement and the trial court did not expressly grant an extension, thus violating this Court's holding in *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005), and *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771 (2005). Judge Klein dissented, noting that the specific language of Rule 1925(b) does not require a separate petition, and further that the trial court implicitly granted the extension by addressing the issue in its 1925(a) opinion.

I would grant allowance of appeal and reverse the Superior Court's finding of waiver. I note that Petitioner filed her hybrid statement/request before the Superior Court's decision in *Woods*. *Woods*, in turn, relied on *Commonwealth v. Jackson*, 900 A.2d 936 (Pa.Super.2006) (en banc), which also was filed well after Petitioner's hybrid statement/request in May 2005. Indeed, Petitioner made her request even before *Castillo* and *Schofield* were filed. Therefore, at the time Petitioner requested an extension of time, there was no explicit holding, either from this Court or the Superior Court, that appellants could not request extensions in the 1925(b) statement itself, but rather only in a separate petition. Nor did Rule 1925(b), as constructed at the time, specify such procedure. *See* Pa.R.A.P.1925(b) (2005).[1] This Court has not hesitated in the past to grant some leeway to appellants when the procedure necessary for preserving claims on appeal was unclear. *See Commonwealth v. McGill*, 574 Pa. 574, 832 A.2d 1014 (2003) (finding remand appropriate when proper procedure for layering claim of ineffective assistance of counsel was unclear).

Moreover, Petitioner was not in possession of the notes of testimony at the time of the 1925(b) order. Her request for an extension of time was therefore reasonable, as a proper review of the notes of testimony ensures that no frivolous claims are presented to the trial court. The court apparently understood this problem, because it not only accepted the

---

1. The revisions to Rule 1925 now provide specifically for appellants to apply for extensions of time. Pa.R.A.P.1925(b)(2) (2007).

supplemental 1925(b) statement and addressed the issue in its opinion, but also expressly granted an order deeming the statement timely filed while the matter was on appeal with the Superior Court. I do not believe that Petitioner should be punished merely because she sought an extension in a manner that was not considered inappropriate until nearly a year after her request, or because the trial court did not act in a timely manner on her request. Further, because I consider the notes of testimony to be an essential tool for counsel to identify appealable issues, I consider the finding of waiver inappropriate in Petitioner's case. Accordingly, I would grant her petition for allowance of appeal.