J-S70023-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| SANDRA G. PECCI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HARRY PECCI, JR., | : | |
| | : | |
| Appellant | : | No. 1646 EDA 2015 |

Appeal from the Order entered May 21, 2015,
Court of Common Pleas, Bucks County,
Civil Division at No. 2012-DR-00905 – PACSES No. 968113305

BEFORE:  DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:  **FILED NOVEMBER 20, 2015**

Appellant, Harry Pecci, Jr. ("Pecci, Jr."), appeals the trial court's order dated May 21, 2015, setting his 2014 income for child support and alimony purposes.  On appeal, Pecci, Jr. contends that the trial court erred in including in its calculation a hardship withdrawal from his 401K retirement account.

For the reasons that follow, we are constrained to conclude that Pecci, Jr. has waived all issues on appeal.  Rule 1925 of the Pennsylvania Rules of Appellate Procedure provides in relevant part as follows:

**Rule 1925.**  Opinion in Support of Order

\* \* \*

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.--**If the judge entering the order giving rise to the notice of appeal

_____

*Retired Senior Judge assigned to the Superior Court.

("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service.*--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

\* \* \*

(3) *Contents of order.*--The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) Requirements*; waiver.*

*       *       *

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

**(c) Remand.**

*       *       *

(2) Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion.

Pa.R.A.P. 1925.

In a recent en banc decision, this Court reaffirmed that Pa.R.A.P. 1925 operates as a bright-line rule, and that, as a result, "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of all the issues raised." *Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 68 A.3d 222, 224 (Pa. Super. 2014) (en banc) (emphasis in original) (citing *Commonwealth v. Lord*, 719 A.2d 306,

309 (Pa. 1998), ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005), and ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. Super. 2005)). We further emphasized that "our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b) …." ***Id.*** This Court lacks any authority to create exceptions to the waiver requirement. ***Id.*** ("Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.") ***Id.***

A review of the certified record in the present case reflects that Pecci, Jr. failed to comply with the filing requirements of Rule 1925(b). Pecci, Jr. filed his notice of appeal on June 2, 2015, and the next day, June 3, 2015, the trial court issued an order directing Pecci, Jr. to file a statement of matters complained of on appeal pursuant to Rule 1925(b) within 21 days. The trial court's order conforms in all respects to the requirements of Rule 1925(b)(3). The trial court filed a Rule 1925(a) written opinion on July 2, 2015, in which it addressed Pecci, Jr.'s substantive issues but also noted that he had waived all of his appellate issues based upon his failure to file a Rule 1925(b) statement. Trial Court Opinion, 7/2/2015, at 5-7.

In his appellate brief filed with this Court, Pecci, Jr. offers a unique argument. As an attachment to his appellate brief, he attaches a copy of the Civil Docketing Statement filed with this Court at the outset of his appeal. The Civil Docketing Statement includes a request for a brief "Description of

Appeal," to which Pecci, Jr. entered "Please see attached." Attached is a letter signed by Pecci, Jr. that contains a description of his appeal, including a section entitled "Issues to be raised on appeal." At the top of the copy of the Civil Docketing Statement attached to his appellate brief, Pecci, Jr. has handwritten "The was my statement of errors complained of on appeal."

Even if we were to consider this attachment to the Civil Docketing Statement to constitute a statement of issues complained of on appeal pursuant to Rule 1925(b), we would still have to find waiver pursuant to the ***Greater Erie***, ***Lord***, ***Castillo***, and ***Schofield*** line of cases. Rule 1925(b)(1) specifically provides that the appellant must "**file of record the Statement** and concurrently shall serve the judge."[1] Here, Pecci, Jr. did not file the attachment to his Civil Docketing Statement with the Prothonotary of the Court of Common Pleas of Bucks County, and therefore he did not comply with the filing requirements of Rule 1925(b). The case docket contains no reference to any such filing and the Civil Docketing Statement is not otherwise included in the certified record on appeal. Because Pecci, Jr. failed

---

[1] While he did not attach a certificate of service, Pecci, Jr. apparently did comply with the separate requirement to serve a copy on the trial court judge. In its Rule 1925(a) opinion, the trial court noted that "Husband did send to this [c]ourt the Superior Court of Pennsylvania Civil Docketing Statement, which includes, in part, a listing of Husband's grievances with this [c]ourt." Trial Court Opinion, 7/2/2015, at 3.

to comply with the requirements of Rule 1925(b), we must find that he waived all issues on appeal.[2]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015

---

[2] We note that Pecci, Jr. did not submit to this Court, pursuant to Rule 1925(c)(2), an application for remand in a civil case to permit the filing nunc pro tunc Statement.