J-S11042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHASE HOME FINANCE, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LUNDES GARRETT, | : | |
| | : | |
| Appellant | : | No. 1813 EDA 2015 |

Appeal from the Order May 15, 2015,
in the Court of Common Pleas of Monroe County,
Civil Division, No(s): 7192-CV-2010

BEFORE:  FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 06, 2016**

Lundes Garrett ("Garrett"), *pro se*, appeals from the trial court's May 15, 2015 Order, which granted the Motion to Reassess Damages filed by JP Morgan Chase Bank, N.A., S/B/M Chase Home Finance, LLC, S/B/M/T Chase Manhattan Mortgage Corporation ("Chase").[1]  We affirm.

On prior appeal, this Court summarized the relevant history underlying the instant appeal as follows:

> [Garrett] executed a loan agreement on August 7, 2003, with Wachovia Mortgage Corporation ("Wachovia"), for the purchase of real estate located at 8 Rose Drive, Saylorsburg, Pennsylvania 18353 ("the Property").  [Garrett] signed a note as evidence of the loan ("the Note") and granted a mortgage in favor of Mortgage Electronic Registration Systems ("MERS") as nominee for Wachovia ("the Mortgage").  The Note required that [Garrett] make interest[-]only payments until September 1, 2010, after which the Note matured, and the entire principal became due.

---

[1] Garrett additionally challenges the April 28, 2015 Order denying his Motion to Vacate/Strike Summary Judgment Order entered against him and in favor Chase.

Chase acquired the Mortgage by an assignment of mortgage recorded in the Monroe County Recorder of Deeds on July 22, 2010. … [T]he record is unclear as to how[] Chase came into possession of the Note, which was endorsed in blank.

[Garrett] defaulted on the loan by failing to make a monthly payment on April 1, 2010, and each month thereafter. Consequently, Chase sent [Garrett] a notice of intent to foreclose and notice of homeowners emergency mortgage assistance on May 20, 2010. Chase then filed a mortgage foreclosure action on August 2, 2010, demanding, *inter alia*, an *in rem* judgment against the property. [Garrett] filed an answer and affirmative defenses, along with twenty-nine counterclaims based on the Truth in Lending Act, 1 U.S.C. §§ 1601-1693r, the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, and fraud. [Garrett's] affirmative defenses challenged Chase's standing as the real party in interest. In response to [Garrett's] counterclaims, Chase filed preliminary objections, praecipe for argument, and a supporting memorandum of law. [Garrett] did not file a response. The trial court sustained Chase's preliminary objections and dismissed [Garrett's] counterclaims on March 8, 2011.

Following [Garrett's] foray into bankruptcy court and resulting discharge, Chase filed a motion for summary judgment on July 7, 2013. The trial court scheduled argument on Chase's motion for August 5, 2013. [Garrett] did not file a response to the motion for summary judgment; rather, he filed a motion for a continuance on July 2, 2013, which the trial court denied on July 31, 2013. In [Garrett's] absence, the trial court proceeded with the hearing on August 5, 2013, granted Chase's motion for summary judgment, and entered an *in rem* judgment in the amount of $222,090.62, together with interest and costs. [Garrett] filed a timely appeal …

- 2 -

***Garrett v. JP Morgan Chase Bank, N.A.***, 105 A.3d 791 (Pa. Super. 2014) (unpublished memorandum at 1-3). On July 15, 2014, this Court affirmed the Order granting summary judgment against Garrett.[2] ***See id.***

On December 4, 2014, Chase filed a Praecipe to assess damages, followed by a Writ of Execution on January 5, 2015. On March 25, 2015, Chase filed a Motion to reassess the damages. The trial court issued a Rule to Show Cause why Chase's Motion should not be granted. Garrett filed no response to the Rule to Show Cause. Rather, on April 24, 2015, Garrett filed a Motion to Vacate/Strike Summary Judgment Order. The trial court denied Garrett's Motion to Vacate/Strike on April 28, 2015.

Finally, on May 15, 2015, the trial court entered an Order granting Chase's Motion to reassess damages.[3] Thereafter, Garrett filed a single Notice of Appeal challenging the trial court's April 28, 2015 and May 15, 2015 Orders. On June 30, 2015, the trial court filed an Order directing Garrett to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal no later than July 21, 2015.[4] Garrett filed his Pa.R.A.P. 1925(b) Concise Statement on July 27, 2015.

Garrett presents the following claims for our review:

---

[2] While Garrett's appeal was pending before this Court, Garrett filed in the trial court a Motion to Vacate/Strike Summary Judgment Order. The trial court denied Garrett's Motion for lack of jurisdiction, as his appeal had not yet been resolved. ***See*** Trial Court Order, 10/10/13.

[3] Garrett filed no response to the Motion to Reassess Damages.

[4] The record reflects that the Order was mailed to Garrett by U.S. mail.

1.  Did the [trial c]ourt err[] in denying [Garrett's] Motion when it overlooked documents submitted by [Garrett] which clearly and factually establish[] *prima facie* evidence of extrinsic fraud[?]

2.  Did the [trial c]ourt err[] in denying [Garrett's] Motion when he submitted a preponderance amount of evidence which clearly and factually establishes a *prima facie* case of "fraud on the court"[?]

3.  Did the [trial c]ourt err[] in denying [Garrett's] Motion in light of the fact that [Chase] did not file a response, nor an objection, and did not raise a defense to [Garrett's] Motion[?]

Brief for Appellant at 5.

Before addressing Garrett's claims, we first must address whether Garrett preserved his claims for appellate review. As set forth above, the trial court directed Garrett to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal by July 21, 2015.[5] Trial Court Order, 6/30/15. Garret filed his Concise Statement on July 27, 2015, beyond the 21 days specified by the trial court's Order. A failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) results in the automatic waiver of the issues raised on appeal. *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 225, 228 (Pa. Super. 2014) (*en banc*). "Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived." *Greater Erie Indust. Dev. Corp.*, 88 A.3d at 228.

---

[5] Our review of the record confirms that the trial court's Order comports with the requirements of Rule 1925(b).

Thus, "it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues." *Id.*

Because Garrett did not timely file his Concise Statement, we are precluded from addressing the claims he now raises on appeal.[6] Accordingly, we affirm the trial court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016

---

[6] Even if Garrett had timely filed his Concise Statement, we would conclude that his issues lack merit, for the reasons set forth in the trial court's Order, and this Court's decision in his prior appeal. *See Garrett*, 105 A.3d 791 (unpublished memorandum at 6-14); Trial Court Order, 4/28/14.