J-A24024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JERRY RIDGLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GOVERNMENT EMPLOYEE INSURANCE COMPANY | |
| Appellee | No. 427 EDA 2016 |

Appeal from the Order Entered January 6, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 150201909

BEFORE:  BOWES, J., OTT, J., and SOLANO, J.

JUDGMENT ORDER BY OTT, J.:                    **FILED AUGUST 15, 2016**

Jerry Ridgley appeals from the order entered on January 6, 2016, in the Court of Common Pleas of Philadelphia County, granting summary judgment in favor of Government Employee Insurance Company (GEICO).[1] In this appeal, Ridgley has attempted to raise five claims of error.  However, none of these issues have been properly preserved because Ridgley filed the court ordered Pa.R.A.P. 1925(b) Statement of Errors Complained of on

---

[1] We note this is not an interlocutory order.  Although GEICO's answer included an indication that GEICO was raising a cross claim, no cross claim was presented in the pleadings.  Indeed, as there are no co-defendants, no cross claim was possible.  Accordingly, there were no unresolved issues before the trial court.  It appears the title of the answer was simply cut and pasted from another document.  We ask all counsel to take care in such instances to provide accurate headings and titles.

Appeal 11 days late. Accordingly, we agree with the trial court that all claims have been waived.

Briefly, Ridgley was injured in an automobile accident. He settled with the alleged tortfeasor, and signed a general release without first seeking permission from GEICO, his insurer, as required by the insurance contract. Ridgely then sought underinsurance coverage from GEICO. In its motion for summary judgment, GEICO claimed Ridgely violated the consent to settle clause found in the contract, thereby violating the terms of the contract, rendering the underinsured coverage uncollectable. The trial court agreed with GEICO's position and on January 6, 2016, granted GEICO summary judgment.[2]

Ridgley filed a timely notice of appeal on January 15, 2016. On January 22, 2016, the trial court entered an order compelling Ridgley to file a Pa.R.A.P. 1925(b) statement within 21 days. This order complied with the requirements of Rule 1925 and was served on Ridgley pursuant to the dictates of Pa.R.C.P. 236. However, Ridgley did not seek permission to file the statement late; instead he filed the required document on February 23, 2016, 11 days after the statement was due.

> Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1025(b) will result in **automatic waiver** of the issues raised." **Commonwealth v. Schofield**,

---

[2] The order was not docketed until January 7, 2016.

585 Pa. 389, 888 A.2d 771, 774 (2005) (emphasis added); *see also Castillo*, 888 A.2d at 780. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to *Lord*, when ... appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." *Id*. Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

*Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014).

Pursuant to Pa.R.A.P. 1925 and subsequent case law, we agree with the trial court that all issues have been waived and there are no claims for this Court to review.[3]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2016

_____

[3] We are aware that Rule 1925 allows our Court to remand for the filing of a 1925(b) statement upon application of appellant and for good cause shown. **See** Pa.R.A.P. 1925(c)(2). Ridgley has not applied for a remand nor has good cause been offered for the failure to timely file.

- 3 -