J-A11043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ERIE INSURANCE EXCHANGE<br><br>Appellee<br><br>v.<br><br>MATTHEW LUTZ, KIMBERLEY LUTZ, DAKOTAH MILLER, AND ANDREW SVRCEK<br><br>APPEAL OF: MATTHEW LUTZ, KIMBERLEY LUTZ, AND DAKOTAH MILLER | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br>No. 1838 MDA 2016 |

Appeal from the Judgment Entered October 7, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 15-16318

BEFORE:  SHOGAN, J., MOULTON, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY MOULTON, J.:          **FILED JUNE 20, 2017**

I agree that the law requires to us to find waiver based on Appellants' failure to comply with the dictates of Pennsylvania Rule of Appellate Procedure 1925(b)(1).  ***See Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005) (holding that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b)," including that an appellant serve on the trial judge a concise statement of matters complained of on appeal, "will result in automatic waiver of the issues raised").  I write separately because

_____

[*] Former Justice specially assigned to the Superior Court.

I disagree with the majority's alternative finding that Appellants waived their issue due to the vagueness of their statement of errors. In light of Appellants' 1925(b) statement as a whole, Appellants' issue is clear: Whether the trial court erred and/or abused its discretion in finding that Appellee had no duty to defend Andrew Svrcek because Svrcek's alleged conduct was intentional and the insurance policy in question did not cover such conduct. *See* Concise Statement of Matters Complained of on App. Also, I note that the trial court thoroughly discussed Appellants' issue, with which it was completely familiar in light of Appellee's motion for summary judgment and Appellants' response thereto. On the merits, I believe that the trial court correctly concluded that, based on the facts pled in the underlying complaint, the language of the insurance policy precluded coverage. *See* Opinion, 12/7/17, at 3-4.