J-A07005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODNEY DONALD SMITH | : | |
| | : | |
| Appellant | : | No. 1224 MDA 2017 |

Appeal from the Order Entered July 31, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000049-2017

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY OLSON, J.:                **FILED MAY 07, 2018**

The Commonwealth of Pennsylvania appeals from the July 31, 2017 order granting in part and denying in part Rodney Donald Smith's ("Appellee's") suppression motion.  We are constrained to affirm.

As our resolution of this appeal is based on the procedural history after the suppression order, we decline to set forth the factual background and prior procedural history.  On March 29, 2017, Appellee moved to suppress blood draw evidence.  On July 31, 2017, the trial court issued findings of fact and conclusions of law and granted in part and denied in part Appellee's suppression motion.  On August 7, 2017, the Commonwealth filed this interlocutory appeal as of right.  ***See*** Pa.R.A.P. 311(d) ("In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the

_____

*   Former Justice specially assigned to the Superior Court.

Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.").

The trial judge contends that the Commonwealth failed to properly serve her with a copy of its concise statement of errors complained of on appeal ("concise statement"). Trial Court Opinion, 10/5/17, at 1-3; *see* Pa.R.A.P. 1925(b)(1). Our review of the record confirms that the Commonwealth failed to serve the trial judge with a copy of its concise statement. **See** Concise Statement, 8/22/17, at Certificate of Service. Hence, if the technical requirements for a concise statement order were unfulfilled, we are required to find the Commonwealth waived all of its appellate issues. **See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-227 (Pa. Super. 2014) (*en banc*) ("Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.") **See also Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) ("failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.").

The trial court's concise statement order fully complied with Rule 1925(b). It informed the Commonwealth that it was required to file its concise statement within 21 days, that it was required to file a copy and serve a copy on the trial judge, and that failure to comply with the order would result in waiver. Concise Statement Order, 8/15/17, at 1. The concise statement order was docketed and a notation on the docket indicates that the order was served

on the Commonwealth on August 15, 2017. As such, we are required to find the Commonwealth's appellate issues waived due to its failure to serve the trial judge with a copy of its concise statement. As the Commonwealth waived its appellate issues, we are constrained to affirm the trial court's suppression order.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2018