J-A23030-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARTHA ANDERSEN, | |
| Appellant | No. 1421 WDA 2018 |

Appeal from the Judgment of Sentence August 28, 2018
In the Court of Common Pleas of Greene County
Criminal Division at No(s):  CP-30-SA-0000005-2018

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:              FILED DECEMBER 31, 2019

Appellant, Martha Andersen, appeals from the August 28, 2018 judgment of sentence of the costs of prosecution, fines, and fees, imposed after she was convicted, following a non-jury trial de novo, of violating 3 P.S. § 455.8(a)(2) (Vaccination required; certificate and tag).  We affirm.

Following a summary trial before a magisterial district judge, Appellant was convicted of the above-stated offense on December 19, 2017, based on evidence that she owned 18 cats for which she was unable to produce proof of rabies vaccinations.[1]  On January 11, 2018, Appellant filed an appeal with

_____

[1] Section 455.8(a)(2) states:

> (2) A person owning or keeping a dog or cat that is required to be vaccinated against rabies shall produce either proof of vaccination, or exemption status under subsection (f), within 48 hours after a

the Court of Common Pleas of Greene County. The Honorable Gerald R. Solomon, Senior Judge of the Court of Common Pleas of Fayette County, was assigned to hear Appellant's trial de novo in Greene County, due to the fact that the Honorable Farley Toothman, President Judge of the Court of Common Pleas of Greene County, had recused from Appellant's case.

On August 6, 2018, Appellant filed a "Motion to Dismiss for Selective Prosecution/Prosecutorial Vindictiveness." On August 28, 2018, Senior Judge Solomon denied Appellant's motion and, following her trial de novo that same day, he found her guilty of the section 455.8(a)(2) offense. Senior Judge Solomon sentenced her to pay the costs of prosecution, as well as the fees and fines imposed by the magisterial district judge.

Appellant filed a timely notice of appeal with this Court on September 27, 2018. On October 22, 2018, Senior Judge Solomon ordered her to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[2] In that order, Senior Judge Solomon directed Appellant to file and serve the

---

police officer, State dog warden, department official or designated municipal animal control officer requests the proof. A dog or cat less than 12 weeks of age may be vaccinated against rabies according to vaccine manufacturer instructions if there is a rabies vaccine, licensed by the United States Department of Agriculture and listed in the current version of the National Association of State Public Health Veterinarians Rabies Compendium, that is labeled for use in a dog or cat less than 12 weeks of age.

3 P.S. § 455.8(a)(2).

[2] That order was dated October 16, 2018, but was not entered on the docket until October 22, 2018.

statement "upon this Judge" within 21 days, and he also notified Appellant that "any issue not properly included in the statement, timely filed and served pursuant to subdivision (b) [of Rule 1925], shall be deemed waived." Order, 10/22/18 (single page). On November 13, 2018, Appellant filed her Rule 1925(b) statement with the Greene County Clerk of Courts.

On December 13, 2018, Senior Judge Solomon filed a Rule 1925(a) opinion. Therein, the judge stated that Appellant's Rule 1925(b) statement "was never served on this [c]ourt as ordered[,]" and, instead, Appellant had only filed the statement with the Fayette County Clerk of Courts. Trial Court Opinion (TCO), 12/13/18, at 2. Senior Judge Solomon explained that he had only discovered that Appellant had filed a concise statement by examining the docket. Id. at 1.

In addition, Senior Judge Solomon observed that Appellant "did not request a transcript of the proceedings at issue so that it could be made part of the certified record." Id. at 2. The judge concluded that "[a] review of the alleged claims of error[] shows that the allegations made by [Appellant] cannot be resolved in the absence of the necessary transcripts." Id. Stressing that Appellant "bears the responsibility to request that proceedings be transcribed, pay the appropriate transcription fees, and supply the [a]ppellate [c]ourts with a complete record for purposes of review[,]" Senior Judge Solomon concluded that Appellant's claims should be deemed waived, and he did not analyze the merits of any of her issues. Id.

Now, on appeal, Appellant states the following four issues for our review:

> I. Did the trial court err by denying [Appellant's] Motion for Selective Prosecution without a hearing and before trial and additionally refusing to allow Appellant to place evidence on the record of such trial?
>
> II. Did the court err in finding Appellant had a responsibility to have her animals vaccinated when she had no access to them and was prohibited from contact with them as they were in … Humane Society possession?
>
> III. Did the court err by refusing to consider the fact that … Appellant had no duty to vaccinate after 10 days from when the Humane Society seized the animals/cats when the Commonwealth admitted … Appellant had no duty to maintain vaccination records for the animals?
>
> IV. Did the court err in finding … Appellant guilty of failing to vaccinate and refusing to consider the vaccination document's [sic] Appellant admitted to the court when she asked the dog warden to contact her attorney regarding the vaccinations and the dog warden refused to do so?

Appellant's Brief at 6-7.

We preliminarily address Senior Judge Solomon's conclusion that Appellant has waived her claims for our review by failing to request the transcript of her trial de novo. This Court has explained that,

> [w]ith regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a).... When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

Commonwealth v. Houck, 102 A.3d 443, 456 (Pa. Super. 2014) (citation omitted).

In this case, it is apparent that the transcript of Appellant's trial de novo is required for us to meaningfully review at least two of her claims. For instance, in support of her first issue, Appellant avers that the court erred by precluding her from introducing certain evidence at trial. See Appellant's Brief at 21. In her fourth claim, she challenges certain testimony provided at trial. Id. at 30. Without the trial transcript, we cannot discern the context or basis of the court's evidentiary ruling, nor assess the at-issue testimony. Therefore, these claims are waived. See Houck, supra. Moreover, even if we could review these claims (or the other two issues Appellant raises on appeal) without the trial transcript, Appellant has waived all of her appellate issues by failing to serve her Rule 1925(b) statement on Senior Judge Solomon. See Pa.R.A.P. 1925(b)(1) ("The appellant shall file of record the Statement and concurrently shall serve the judge.") (emphasis added); see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 224 (Pa. Super. 2014) (reiterating our Supreme Court's bright-line rule that "failure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver of the issues raised") (quoting Commonwealth v. Shofield, 888 A.2d 771, 774 (Pa. 2005) (emphasis added in Greater Erie)). Accordingly, we cannot address the merits of Appellant's claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/31/2019</u>