J-S03013-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | No. 469 WDA 2020 |
| HERMAN ORLANDO HELLAMS | | |
| | | |
| Appellant | | |

Appeal from the PCRA Order Entered February 19, 2020
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CI-15-06455

BEFORE:    DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED MARCH 4, 2021**

I agree with the Majority that this Court should overlook a failure to file a Rule 1925(b) concise statement when a lower court fails to comply with Pa.R.Crim. 114. However, in footnote two, the Majority concludes we must treat the filing of an erroneously-filed Rule 1925(b) concise statement as a legal nullity in the absence of statutory authority to transfer the statement to the lower court. For the reasons that follow, I disagree. As such, I join the judgment order except for footnote two.

As noted by the Majority, Appellant filed a concise statement with this Court instead of with the trial court. Rule 1925 requires an appellant to "file of record the [concise statement] and concurrently … serve the judge." Pa.R.A.P. 1925(b)(1). I am cognizant that "a litigant appealing from the

*Retired Senior Judge assigned to the Superior Court.

denial of PCRA relief is required to [comply strictly] with the provisions of Rule 1925(b), or his or her appellate issues are deemed to be waived." ***Commonwealth v. Parrish***, 224 A.3d 682, 700 (Pa. 2020); ***see also Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005) ("[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.").

Nevertheless, in my view, the language in Rule 1925 is ambiguous and I cannot determine with confidence whether a litigant has failed to comply with the requirements of Rule 1925(b) when a litigant inadvertently files a concise statement with the incorrect court. The rule initially states that the lower court "judge may enter an order directing the appellant **to file of record in the trial court** and serve on the judge a concise statement[.]" Pa.R.A.P. 1925(b) (emphasis added). Then, in the next subsection, which is entitled "[f]iling and service," the rule provides that

> [t]he appellant shall **file of record** the [s]tatement and concurrently shall serve the judge. **Filing of record shall be as provided in Pa.R.A.P. 121(a)** and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c).

Pa.R.A.P. 1925(b)(1) (emphasis added).

In turn, Rule 121(a) discusses filing in an appellate court, not filing in a trial court.

> (a) Filing. Papers required or permitted to be filed **in an appellate court** shall be filed with **the prothonotary**. Filing may be accomplished by mail addressed to **the prothonotary**, but except as otherwise provided by these rules, filing shall not be timely unless the papers are received by **the prothonotary** within the time fixed for filing. If an application under these rules requests relief which may be granted by a single judge, a judge in extraordinary circumstances may permit the application and any related papers to be filed with that judge. In that event the judge shall note thereon the date of filing and shall thereafter transmit such papers to the clerk.

Pa.R.A.P. 121(a) (emphasis added).

Perhaps if Rule 1925(b)(1) used language to the effect of *filing of record with the trial court using the same methods as those provided by Rule 121(a)*, the directive would have less ambiguity. But as currently written, the directive that "[f]iling of record shall be as provided in Pa.R.A.P. 121(a)" does not clearly indicate to the litigant that the litigant should file the concise statement in the lower court using the same methods Rule 121 provides for filings with an appellate court. Pa.R.A.P. 1925(b)(1). Thus, in my view, referencing a rule discussing filing with an appellate court contradicts the sentence in the previous section requiring filing with the trial court. It reasonably could lead a litigant to believe that filing a concise statement with this Court was permissible and "of record."

Given this ambiguous language, I question whether we need to treat an improperly-filed concise statement as a legal nullity. Inadvertently filing the concise statement in the incorrect court strikes me as quite different from a wholesale failure to file a statement at all. ***Cf. Schofield***, 888 A.2d at

- 3 -

774 (finding all issues waived by failure to file concise statement despite serving statement upon the trial judge). If I were to consider whether we may transfer the erroneously-filed statement, I might analogize to the concepts in the rules that permit a prothonotary to transfer a notice of appeal when filed in the wrong court. *See* Pa.R.A.P. 751, 905(a)(4). I also would bear in mind Rule 126, which permits us to disregard any error or defect of procedure which does not affect the substantial rights of the parties. Pa.R.A.P. 126.

Nevertheless, in this particular case, the trial court's failure to comply with Rule 1141 has exacerbated the confusing language in Rule 1925(b). Due to the applicability of cases that permit remand based upon a breakdown of the court processes, there is no need to decide in this case whether we can or should transfer an improperly-filed concise statement. Accordingly, I would not reach the issue implicated by footnote 2.