J-S38025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ZIELINSKI | : | No. 284 WDA 2021 |

Appeal from the Order Entered February 18, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000011-2020

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.:                **FILED: MARCH 8, 2022**

The Commonwealth appeals from the February 18, 2020 Order dismissing Count I, Possession of a Controlled or Counterfeit Substance, and Count II, Possession of Drug Paraphernalia,[1] of the criminal information filed against Christopher Zielinski.   We are constrained to find that the Commonwealth's claims are waived for filing an untimely Pa.R.A.P. 1925(b) Statement.   Accordingly, we affirm the Order dismissing the charges against Mr. Zielinski.

The relevant acts and procedural history of this case are as follows.   On October 1, 2019, police arrested Mr. Zielinski after discovering drugs hidden in a vehicle in which he and his girlfriend were travelling.   On February 18,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16) and 780-113(a)(32), respectively.

2020, the Commonwealth filed a criminal information against Mr. Zielinski, charging him with, *inter alia*, the above offenses.[2] The criminal information indicated that Mr. Zielinski possessed methamphetamine and/or heroin.

On February 16, 2021, prior to the commencement of Mr. Zielinski's trial, Commonwealth sought leave to amend the criminal information to remove reference to "controlled substance" to reflect that a lab had determined that the drugs allegedly possessed by Mr. Zielinski were not genuine methamphetamine and/or heroin; rather, they were counterfeit methamphetamine and/or heroin. The trial court granted the Commonwealth's oral motion to amend. The Commonwealth then requested leave of court to amend Count II, Possession of Drug Paraphernalia, to indicate that the possession pertained to "counterfeit substances." The trial court denied the request after concluding that this offense is inapplicable to counterfeit substances. Accordingly, the trial court dismissed Count II of the criminal information.

The court then *sua sponte* raised the issue of whether the Commonwealth would be able to meet its burden of proof on the Possession of a Counterfeit Substance charge noting that its research indicated that "the language about counterfeit substances [is] primarily, if not dispositively,

---

[2] The Commonwealth had also charged Mr. Zielinski with Possession With Intent to Deliver, but the lower court dismissed that charge at Mr. Zielinski's preliminary hearing when it found that the Commonwealth could not establish a *prima facie* case to support it.

within the realm of [Possession With Intent to Deliver] – selling and delivery."[3] N.T., 2/26/21, at 38. After considering argument of the parties, the court concluded that it did not believe, "based on the case law review, that [the Commonwealth's] case could have proceeded with these specific facts of counterfeit meth, counterfeit heroin . . . under just a possession charge." *Id.* at 39. Thus, the court also dismissed the only remaining charge—Possession of a Counterfeit Substance.[4]

The Commonwealth timely appealed. On March 3, 2021, the trial court entered an Order directing the Commonwealth to file a Pa.R.A.P. 1925(b) statement "within twenty-four (24) days of the date of this Order." Order, 3/3/21. The trial court informed the Commonwealth that "[a]ny issue not properly included in the Statement timely filed and served pursuant to the Rule shall be deemed waived." *Id.* On April 1, 2021, the Commonwealth filed an untimely Rule 1925(b) Statement. On April 19, 2021, the trial court filed a responsive Rule 1925(a) Opinion.

The Commonwealth raises the following issues on appeal:

1. Whether the lower court erred as a matter of law or abused its discretion by dismissing Count I, on its own initiative, finding that the Commonwealth was unable to proceed on Possession of a Counterfeit Substance without also proceeding on Possession with Intent to Deliver a Counterfeit Substance[?]

---

[3] The Commonwealth requested that the court rule on this issue before empaneling the jury so that double jeopardy would not attach.

[4] The court clerk entered the Order reflecting the dismissal of the charges on February 18, 2021.

2. Whether the lower court erred as a matter of law or abused its discretion by dismissing Count II, on its own initiative, finding that the Drug Paraphernalia statute is inapplicable to counterfeit substances[?]

Commonwealth's Brief at 3.

Before we consider the Commonwealth's claims on their merits, we must first determine whether it has preserved them. It is well-settled that an appellant's failure to timely file of record a Rule 1925(b) statement results in the automatic waiver of any issues subsequently sought to be raised on appeal, even where the trial judge has received the statement and has addressed the issues in an opinion. ***Commonwealth v. Wholaver***, 903 A.2d 1178, 1183-84 (Pa. 2006); ***Commonwealth v. Schofield***, 888 A.2d 771, 772-75. In ***Commonwealth v. Castillo***, 888 A.2d 771, 775 (Pa. 2005), our Supreme Court explained that mandatory waiver of all claims that do not strictly adhere to Rule 1925(b)'s requirements "provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply." ***See id.*** at 779-80.

As described above, on March 3, 2021, the trial court ordered the Commonwealth to file a Rule 1925(b) Statement within 24 days. Accordingly, the Commonwealth was required to file its Rule 1925(b) Statement on or before March 29, 2021.[5] The Commonwealth did not file its Statement until April 1, 2021. Consequently, the Commonwealth has waived its claims.

Order affirmed.

_____

[5] The 24th day after entry of the court's order was Saturday, March 27, 2021.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/8/2022