J-S06004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LANA ANN DALLATORE | : | |
| | : | |
| Appellant | : | No. 772 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003610-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LANA ANN DALLATORE | : | |
| | : | |
| Appellant | : | No. 773 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000865-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED JULY 23, 2024**

Lana Ann Dallatore ("Appellant") appeals from the judgments of sentence entered by the Bucks County Court of Common Pleas following her convictions of numerous Driving Under the Influence ("DUI") offenses. She challenges the sufficiency of the evidence underlying the first DUI, charged at CP-09-CR-0000865-2022 ("First Offense"). With respect to the second offense, charged at CP-09-CR-0003610-2022 ("Second Offense"), she asserts

that if we determine that insufficient evidence supported her First Offense, the court erred in sentencing her as a second offender on the Second Offense. Because Appellant failed to comply with the timeliness requirement of the trial court's Pa.R.A.P. 1925(b) order, we are constrained to conclude that she waived her issues for appellate review. We, thus, affirm the judgments of sentence.

**A.**

We glean the following factual and procedural background from the trial court's Rule 1925(a) opinion and the certified record.

**First Offense (Docket No. 865-2022)**

On July 19, 2021, at approximately 3:00 AM., Pennsylvania State Police ("PSP") Trooper Corey James was at the Pennsylvania State Barracks in Dublin, Bucks County, when he heard someone knocking loudly on the backdoor of the station. In response, he exited the building and found Appellant standing at the door holding a case of beer. Trooper James observed a civilian vehicle in the parking lot, later determined to be Appellant's car, parked in the area reserved for state vehicles which had clear signage marking it as a no-public-parking area. Appellant told him that she brought gifts to the state troopers and needed to use the restroom. When Appellant exited the restroom, she carried a handbag, a bottle of water, and a beer bottle in her hand that she was trying to open. Trooper James noted that Appellant had bloodshot, glassy eyes, slurred speech, and exuded a strong odor of alcohol.

Based on these observations, Trooper James concluded that Appellant was not capable of driving safely. PSP Trooper Kevin Jiras joined Trooper James as they attempted to conduct standard field sobriety tests. Appellant refused to participate and refused to submit to a blood draw after the troopers read her the DL-26 form. Peering into Appellant's car, which was parked between two patrol vehicles, the Troopers saw three empty bottles of beer of the same type that Appellant had been attempting to open when she exited the restroom.

The Commonwealth charged Appellant with DUI- General Impairment-1st offense, Obedience to Traffic-Control Devices, and Trespass by Motor Vehicle-Private Road/Driveway.[1] Appellant proceeded to a bench trial and on June 2, 2022, the court found her guilty of all charges. The court deferred sentencing.

**Second Offense (Docket No. 3610-2022)**

On March 12, 2022, Hilltown Township police officers reported to the scene of a disabled vehicle in a ditch near the intersection of Route 152 and Fairhill Road. Officers quickly determined that Appellant owned the vehicle. When they located Appellant soon thereafter, she exhibited signs of impairment. Due to the severity of the weather, the officers conducted field sobriety tests at the police headquarters. Based on the totality of the circumstances, including her poor performance on the tests and her disruptive

_____

[1] 75 Pa.C.S. §§ 3802(a)(1), 3111(a) and 3717(b), respectively.

demeanor, the officers determined that Appellant was impaired when she drove her vehicle into the ditch. The Commonwealth charged her on March 15, 2022, with one count each of DUI-General Impairment, DUI-Highest Rate of Alcohol, DUI Controlled Substance-Schedule 1, DUI Controlled Substance-Impaired Ability, and DUI Controlled Substance – Combination Alcohol/Drug.[2] The Commonwealth charged each offense as a second offense. On November 1, 2022, Appellant entered a guilty plea to all charges. The court deferred sentencing.

**Sentencing**

On February 17, 2023, the court imposed sentences at each docket. At Docket No. 3610-2022, the court imposed a sentence of five years' restrictive probation, the first 30 days of which to be served in total incarceration at the Buck County Correctional Facility, followed by 90 days of home confinement with electronic monitoring. The court also ordered that Appellant serve 20 hours community service and, as a special condition of her restrictive probation, that Appellant participate in drug and alcohol treatment and mental health counseling until she is discharged. N.T. Sent'g, 2/17/23, at 29-30.[3]

---

[2] 75 Pa. C.S. §§ 3802(a), (c), (d)(1), (d)(2), and (d)(3).

[3] The court imposed a sentence only on Count 5 in Docket No. 3610-2022 and no further penalty for Counts 1-4.

- 4 -

At Docket No. 865-2022, the court imposed a concurrent sentence of 6 months' restrictive probation with the same special conditions imposed at Docket No. 3610-2022.[4] *Id*. at 30-31.

Appellant filed timely Notices of Appeal at each docket number and on April 5, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within 21 days. Appellant obtained new counsel on April 17, 2023. On May 5, 2023, the court entered an order granting counsel's request for a 30-day extension and directed Appellant to file a Rule 1925(b) statement at each docket by May 24, 2023. On June 12, 2023, Appellant filed her Rule 1925(b) statements. The court subsequently filed Rule 1925(a) opinions.[5]

**B.**

Appellant raises the following issues for our review:

1. Was the evidence presented at trial insufficient as a matter of law to convict [Appellant] of DUI?

2. Was the guilty plea under docket CP-09-0003610-2022, induced by erroneous findings under docket number CP-09-0000865-2022, and therefore the sentencing structure would alter should Appellant be successful in its [sic] appeal of CP-09-CR-0000865-2022?

Appellant's Br. at 7.

C.

_____

[4] The court imposed a sentence only at Count 1 and no further penalty for Counts 2 and 3.

[5] Due to the interrelationship of these cases, we consolidated these appeals for disposition.

Before we may consider the merits of the issues raised, we must determine whether Appellant preserved her issues for this Court's review. Rule 1925(b)(1) provides, in relevant part, that when a court orders a statement of errors complained of on appeal, "the appellant shall file of record the [s]tatement and concurrently shall serve the judge." Pa.R.A.P. 1925(b)(1). Our Supreme Court has held unequivocally that the "failure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver[.]" *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (citing Pa.R.A.P. 1925(b)(1)). Thus, the failure to file a timely Rule 1925(b) Statement will result in waiver. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

"In determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation therefore, we look first to the language of that order." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.,* 88 A.3d 222, 225 (Pa. Super. 2014) (citations omitted).

Here, the trial court's May 5, 2023 order granting Appellant's request for an extension specifically directed Appellant to file Rule 1925(b) statements at both dockets "not later than May 24, 2023." Appellant filed her Rule 1925(b) Statements on June 12, 2023, 19 days late.

Accordingly, pursuant to our Supreme Court precedent requiring strict compliance with the filing requirements of Rule 1925(b), we are constrained to find that Appellant's failure to comply with the court's timeliness

requirement renders the issues raised on appeal waived.  Thus, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2024