J-S08023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN TALIAFERRO, | : | |
| | : | |
| Appellant. | : | No. 1023 EDA 2017 |

Appeal from the Judgment of Sentence, May 4, 2011,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0001975-2009.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY KUNSELMAN, J.:                    **FILED MAY 06, 2019**

John Taliaferro appeals, *nunc pro tunc*, from a judgment of sentence entered on May 4, 2017.

After reinstating Taliaferro's right of direct appeal, the trial court ordered him to comply with Pennsylvania Rule of Appellate Procedure 1925(b) by April 12, 2017.  **See** 3/22/17 Order.  The Order cautioned that any issues not raised in a timely 1925(b) statement would be deemed waived.  **See id.** (citing **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005); **Commonwealth v. Schofield**, 888 A.2d 771 (Pa. 2005); **Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222 (Pa. Super. 2014) (*en banc*)).

On April 11, 2017, Taliaferro's counsel filed a timely 1925(b) statement raising two issues – (1) whether the Commonwealth produced sufficient

---

*   Former Justice specially assigned to the Superior Court.

evidence at trial to support his convictions and (2) whether the verdict was against the weight of the evidence. The trial court issued its 1925(a) Opinion explaining that those two claims lacked merit. *See* Trial Court Opinion, 6/21/17.

In his brief, Taliaferro then raised the following three issues:

1. Whether the record supports the common pleas court's factual conclusions at the suppression hearing?

2. Whether the court abused its discretion and erred as a matter of law by ruling that the facts in the affidavit of probable cause were credible?

3. Whether the court erred by declining to hear evidence on his PCRA petition?

*See* Taliaferro's Brief at vii. None of those issues match the two in Taliaferro's 1925(b) statement, so we may not reach their merits.[1] ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (mandating that "from this date forward, in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

---

[1] Taliaferro listed the issues in his appellate brief in a second, *pro se* 1925(b) statement, filed May 1, 2017. Even if he were entitled to hybrid representation (and he is not), Taliaferro's second 1925(b) statement was three weeks late. The trial court ordered that a 1925(b) statement be filed with it no later than April 12, 2017, and it granted no extension of time. Therefore, the trial court did not address any of the issues in Taliaferro's second, *pro se* 1925(b) statement. Nor shall we.

Because Taliaferro violated Pa.R.A.P. 1925(b) and **Lord**, his three issues on appeal are waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19